No. 86.—WM. J. BUSH and WIFE, plaintiffs in error, *vs.* SHERWOOD C. LINDSEY, defendant in error.

[1.] The husband, whose wife, at the time of marriage, is a minor, may sue for her land at any time within three years, next after her arrival at the age of twenty-one years.

[2.] If, at the time of marriage, the husband is also an infant, the Statute of Limitations does not operate at all, until he becomes twenty-one—when he becomes twenty-one, it so operates that he still has, within which to sue, a period of time equal to the period which his wife had when he married her.

Ejectment, in Muscogee Superior Court. Tried before Judge IVERSON, May TERM, 1853.

In 1834, a grant issued to Eliza Ann Hays to a tract of land. In 1841 she maried Wm. J. Bush, being still a minor—she arrived at age in 1847. Bush and Wife commenced suit against Lindsey for this tract of land in 1847. The defendant relied on the Statute of Limitations.

The Court charged the Jury, that if they believed that Bush and Wife were married in 1841, and the defendant was then in possession of the land; and that Bush permitted three years to elapse, after his inter-marriage, before the institution of suit for the land, the plaintiffs were barred by the Statute of Limitations.

To this charge, plaintiffs excepted.

The plaintiffs requested the Court to charge, that if they believed that Mrs. Bush was a minor at the time of her marriage, and did not arrive at age until 1847, that suit might be commenced in her right, at any time within three years after her arrival at age. The Court refused so to charge, and plaintiffs excepted.

Plaintiffs further requested the Court to charge, that if they believed Mrs. Bush was a minor at the time of her marriage, and that seven years had not elapsed since the date of that marriage, the plaintiff's right of action was not barred.

The Court refused so to charge, and plaintiffs excepted.

Upon these several exceptions, error has been assigned.

JOHNSON & PATTERSON, for plaintiffs in error.

DOUGHERTY, for defendant in error.

*By the Court.*—BENNING, J., delivering the opinion.

What is the effect of marriage, upon the rights of a female minor, under the Statutes of Limitation, for the recovery of land?

1. Where she marries an adult?

2. Where she marries a minor?

Answers to these two questions will dispose of the three exceptions contained in the bill of exceptions.

1. What is the effect of marriage, where the marriage is to an adult?

By a Statute of 1789, (*Pr. Dig.* 225) it is declared " that in cases of inter-marriage since the 22d day of February, 1785, the real estate belonging to the wife shall become vested in, and pass to the husband, in the same manner as personal property doth."

By the expression ' personal property' is meant, it is to be presumed, the largest class of things, personal—that class is chattels personal, in possession.

" Marriage is an absolute gift (to the husband) of all chattels, personal, in possession (of the wife) in her own right, whether the husband survive the wife or no." (*Co. Litt.* 351 *b*. *Ibid* 300 *a*. 2 *Black. Com.* 433.)

Therefore, in cases of inter-marriage since the 22d Feb. 1785, the real estate of the wife is given, absolutely, to the husband. It is not intended, however, to say that the real estate is so given as to affect the wife's dower.

By this Act of 1789, we may therefore say, that in general, on marriage, the husband steps into the place of the wife, with respect to her real estate—that he acquires all the rights which she before had had.

What, then, before marriage, are the woman's rights under the Statutes of Limitations, in cases in which she is a minor?

She may, notwithstanding seven years within which she might have sued have expired, still sue " so as" she does it within three years next after her " full age." (*Prince Dig.* 573 '4.)

What she may do before marriage, we have seen the man may do after marriage.

[1.] The husband, therefore, may sue for his minor wife's land at any time within three years next, after her arrival at the age of twenty-one years. These three years he has, whether at the time of the marriage, he is himself an adult or a minor.

But if, at that time, he is a minor, he has these three years and more besides. The additional period is given him by the

Act of 1817, amendatory of the Statute of Limitations.— (*Pr. Dig.* 578.)

That Act declares, that no Court before which the Statute of Limitations may be relied on, shall be permitted to construe it against idiots, lunatics or *infants*, as it had heretofore been construed, but that the Statute, when it has commenced running, shall not so operate as to defeat the interest acquired by idiots, lunatics or infants, after its commencement; but that its operation shall cease until the disability shall be removed, or the arrival of the infant at the age of twenty-one years.

According to this Act, the "interest acquired by infants", after the Statute has commenced running against that interest, is not to be defeated by the Statute of Limitations; but the operation of that Statute against the interest, is to cease from the moment of the acquisition of the "interest", and not re-commence until the "infants" become twenty-one years old.

Now, when a person, whether adult or infant, marries a woman, he, as we have seen, acquires by the marriage, all her rights in her lands. If, therefore, she has a right (or "interest") against which the Statute of Limitations is running, he acquires that; and so, in such case, he acquires an "interest" *after* the commencement of the running of the Statute against it. If, therefore, he is an infant, the Statute ceases to operate on the interest so acquired, and does not re-commence to operate on it, until he arrives at the age of twenty-one years.

[2.] In such a case, the Statute ceasing to operate at all, until the infant becomes twenty-one years old, on his reaching that point, he *still* has as much time within which to sue, as his wife had when he married her.

This effect is produced by the Act of 1817.

It is not clear that this last point is properly before this Court for decision. The evidence in the case, does not show the husband, Wm. J. Bush, to have been a minor at the time of the marriage. It seems to be assumed, however, in the charge of the Court, that he was.

The conclusions to which we are brought, are, that the Court

erred in refusing to charge, that "if Mrs. Bush was a minor at the time of her marriage, and did not arrive at age until 1847, suit might be commenced in her right, at any time within three years after her arrival at age". And in charging that if Bush and wife were married in 1841, and the defendant was then in possession, and Bush permitted three years after his marriage to elapse before he sued for the land, the suit was barred; and that there ought, therefore, to be a new trial.

And that as to the other decision of the Court, which was excepted to, the Court did not err.