FULTON BROTHERS ELECTRIC COMPANY *et al. v.* HARRISON, Comptroller-general, *et al.*

PER CURIAM. 1. Under art. 7, sec. 2, par. 1, of the constitution of this State, which provides that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws," the legislature is authorized to make classifications and subdivisions of classifications for the purpose of levying business or occupation taxes, and in doing so can make any classification or subdivision which is reasonable and not arbitrary. "Under the above provision of the constitution, the legislature can put dealers . . in incorporated towns and cities in a class, and impose upon the members of such class an occupation tax graduated according to the population of the towns and cities in which such dealers do business; and when the same tax is imposed upon each member of each class in every incorporated town and city in the State, and the method of its enforcement is the same, the uniformity required by the above provision of the constitution is secured." *Wright v. Hirsch,* 155 *Ga.* 229 (116 S. E. 795).

2. Section 20 of paragraph 79 of the amendment to the general tax act of 1927 (Ga. L. 1929, p. 68), which is as follows: "Paragraph 79. Musical Instruments. Graphophones, organs, phonographs, pianos, and victrolas, radios, or radio supplies. Upon each person, firm, or corporation engaged in the business of selling or renting, as agents or dealers, any of the above similar instruments, in or near cities of more than 50,000 ·inhabitants, $100; in or near cities of from 25,000 to 50,-000 inhabitants, $50; in or near cities of from 10,000 to 25,000 inhabitants, $25; in or near cities or towns of less than 10,000 inhabitants, $10, for each place of business. Provided, the word 'near' as used in this section is defined to mean within a radius of three miles of the incorporate limits of said city or town referred to in this paragraph." does not violate art. 7, sec. 2, par. 1, of the State constitution supra, for any of the following reasons: that it is unreasonable, confiscatory, discriminatory, and prohibitive, in that: (1) the act places all persons dealing in musical instruments, graphophones, organs, phonographs, pianos, victrolas, radios and radio supplies, in one general classification, and requires dealers in any of the seven articles enumerated to pay the same tax as a dealer in all of them; (2) the act is oppressive and prohibitive, not only upon financially weak persons, but

upon dealers generally; (3) the tax of $100 required of those dealing in radios and radio supplies is confiscatory; (4) it is arbitrary and unreasonable to classify dealers in radio and radio supplies with dealers in the other instruments named in the act. See *Ray* v. *Tallapoosa,* 142 *Ga.* 799 (2) (83 S. E. 938); *Lewis* v. *Savannah,* 151 *Ga.* 489 (3) (107 S. E. 588).

3. The court did not err in sustaining the demurrer to the petition and in dismissing the case. *Judgment affirmed. All the Justices concur, except* ATKINSON and HILL, JJ., who dissent for the reasons given in the dissenting opinion in *Wright* v. *Hirsch,* supra.

No. 7792. DECEMBER 11, 1930.

*Jones, Fuller, Russell & Clapp,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Troutman & Troutman,* and *Robert S. Sams,* for defendants.