MILLIRON *et al. v.* HARRISON, comptroller-general, *et al.*

No. 9001.   October 12, 1932.

*C. E. Presley,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress* and *W. K. Meadow, assistant attorneys-general,* for defendant.

Russell, C. J.   Milliron is one of a number of petitioners who filed a petition praying that the court restrain the collection of certain taxes imposed by the terms of section 17 of the general tax act of 1927 (Ga. L. 1927, p. 62).   The petition alleges that the defendants, William B. Harrison, comptroller-general, W. S. Richardson, tax-collector, et al., are threatening to proceed with the collection of this occupation tax from petitioners, all of whom are engaged in the operation of garages for the purpose of repairing automobiles or storing automobiles.   It is alleged that under the provisions of title II, paragraph 17, of the general tax act of 1929 [1927] a tax of $75 is imposed upon each person, firm, or corporation carrying on the business of operating garages, either for storage or repairing automobiles in cities of more than 35,000 inhabitants; $50 in cities between 20,000 and 35,000 inhabitants; $25 in cities between 10,000 and 20,000 inhabitants; $15 in cities and towns between 1,000 and 10,000 inhabitants; and $5 in cities and towns of less than 1,000 inhabitants.   Persons operating garages within one mile of the limits of all incorporated cities are taxed $5.   Upon an interlocutory hearing the judge of the superior court dismissed the petition upon demurrers, alleging that (1) the petition sets out no cause of action, and (2) there is no equity in the bill, and under the allegations in the petition it appears as a matter of law that plaintiffs are not entitled to any of the relief for which they pray.

We are of the opinion that the court did not err in dismissing the petition. Paragraph 17 of the general tax act of 1927 reads as follows: "Automobile Garages. Upon each person, firm, or corporation carrying on the business of operating garages, either for storage or repairing automobiles, in cities of more than 35,000 inhabitants, $75.00; in cities between 20,000 and 35,000 inhabitants, $50.00; in cities between 10,000 and 20,000 inhabitants, $25.00; in cities and towns of 1,000 to 10,000 inhabitants, $15.00; in cities and towns of less than 1,000 inhabitants, $5.00; and persons operating such garages within one mile of the limits of all incorporated cities, $5.00." It is contended by the plaintiffs that this revenue occupation tax upon garage owners violates legal requirements imposing uniformity as set forth in art. 7, sec. 2, par. 1, of the constitution of 1877, which declares that "All taxation shall be uniform upon the same class of subjects." It is insisted that the above-quoted provision of the general tax act creates arbitrary classifications or a class within a class, so as to impose taxes upon part of the general class without taxing part of the same class, depending solely upon the population of the city in which the garage is located. It is argued that "this amounts to and does tax part of the class made by the legislature, and relieves part of the said class untaxed, said classification not depending upon the volume of business done by said garage, nor does the instrumentality used to determine who shall pay tax or who is affected by said tax have any relationship to the amount of business done;" that "said alleged law is not in reality what it upon its face purports to be, a valid taxing law, but it is a legislative subterfuge and attempt to prohibit, restrain, and restrict trade by imposing unequal tax burdens in violation of the uniformity clause of the above constitutional provision;" and that "said alleged taxing law as construed by the defendants permits garages of exactly the same kind and class and character of those operated by petitioners to do business, and yet said alleged law exempts them from taxation, some entirely and others only pay a small tax." In the petition it is averred that "said section of said general tax act is void as being contrary to paragraph 2, section 1, article 1 of the constitution of this State, providing that 'Protection to person and property is the paramount duty of government, and shall be impartial and complete,' upon which constitutional provision petitioners rely; that said provisions of said act are not

impartial, in that, as construed by said defendants, they attempt to draw an arbitrary and unreasonable distinction where no real or reasonable distinction should exist, in that garages outside of the City of Atlanta, yet in Fulton County, only pay $5.00 under the above referred to tax act; . . said declaration in the statute, therefore, merely means that the legislature expressly declares that it is not attempting to make a classification for revenue purposes, or related to revenue purposes, which are the purpose of the statutes but that on the contrary it is making a classification for punitive purposes under the guise of a revenue measure, and is singling out for punitive purposes a certain part of class made by legislature, which are doing a lawful business within the State and can not be singled out and classified for hostile and punitive treatment; and for these additional reasons said statute is violative of the constitutional provisions heretofore referred to."

It is further insisted that the above-quoted section of the general tax-act is void as being contrary to the equal-protection clause of the 14th amendment to the constitution of the United States, in that it denies to persons within its jurisdiction the equal protection of the laws; this for the reason, as asserted, that this section of the tax act, as construed by the defendants, draws an arbitrary and unreasonable distinction between a person, firm, or corporation operating a garage in a city and one being operated outside the limits of the city, in that those operating in the city pay a tax and those outside are exempt from taxation under the act. It is also contended that the act in question violates section 1 of the 14th amendment of the constitution of the United States, which provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law;" that this law deprives petitioners of their property without due process of law, and abridges the privileges and immunities of petitioners as citizens of the United States, in that said law, as construed by the defendants, takes from each of the garage owners herein named $75 per annum, and grants to others operating exactly the same kind of business an exemption from taxation; that the principle of uniformity which is made applicable to all subjects of taxation by the uniformity clause of the constitution of this State demands that the tax at-

tempted to be levied by said section be ad valorem; and that petitioners pay all ad valorem taxes and other taxes levied against them by the State of Georgia and by the several counties and municipalities in which they do business, and petitioners' business is "an ordinary, normal, legitimate business, conducted on a high standard."

By reference to the tax act which we have quoted it will be seen that all operators of garages, as defined in the act, doing business in any city or town in this State, no matter how large, and unless such city or town has less than 1,000 inhabitants, are subject to occupation taxes. Likewise, all who are engaged in this business within one mile of all of these cities and towns. At the same time it will be observed that no occupation tax is imposed upon any person engaged in the business of operating a garage for storage or repair of automobiles in the large area of unincorporated territory in this State, and who is more than one mile distant from any incorporated town or city. So the question which is squarely presented is whether the classification which exempts from taxation country garages is so arbitrary and unreasonable as to bring this provision of the tax act into conflict with the provisions of either the constitution of Georgia of 1877 or the 14th amendment to the constitution of the United States. If so, it would of course be our duty to declare the legislative enactment upon this point void. Pretermitting any discussion of the two well-settled principles, (1) that if there be doubt as to the constitutionality of an act the doubt shall be resolved in favor of its constitutionality, and (2) that all laws imposing taxes are to be liberally construed in favor of the taxpayer, we are of the opinion that the mere exclusion from the class of operators of garages generally of those engaged in that business in rural districts is neither arbitrary nor unreasonable. It is uniformly admitted by all the authorities that the right of classification also includes the right of subdivision in the classification. Therefore, if a subdivision be based upon sound and solvent reasons, instead of being arbitrary or capricious, there is no violation of the constitutional principle with which we are now concerned. One who operates and conducts a gainful business or occupation in a large center of population has many advantages, of various kinds, over one who may endeavor to increase his income by dealings with chance passersby in a country thinly settled in population and remote from the paths of traffic which they are wont to pursue, who

wishes to supply divers and various other wants than the mere care or repair of an automobile. Even the near neighbor of the operator of a country garage might find it to his interest to exchange his eggs or load of hay for gasoline or for repairs to his automobile to an operator in the city; whereas his neighbor engaged in the same kind of business would have no need for either the eggs or the hay. At the same time the supposed customer would probably have to go to town in any event to procure some articles which his friend and neighbor operating a country garage did not possess. If space permitted, instances might be multiplied ad infinitum, which would demonstrate that the opportunities of doing business in this modern day, in a recognized commercial center, so far exceed those in the rural districts as to justify a distinct classification which places business done in the country in a separate class from that done in the town or the city, where efficient police protection and insurance against loss by fire may be procured. The necessity and the reasonableness of such subclassification has been many times recognized by this court. The legislature is authorized to make classifications and subdivisions for the purpose of levying business or occupation taxes, and in doing so can make any classification or subdivision which is reasonable and not arbitrary. And so in *Adams Motor Co.* v. *Cler,* 149 *Ga.* 818 (102 S. E. 440), we held that a tax of $27.50 upon every agent of, and upon every dealer in, and upon every person soliciting orders for the sale of automobiles, in each county with a population of less than 20,000, $55 in each county between 20,000 and 30,000, $82.50 in each county with a population between 30,000 and 50,000, $110 in each county with a population between 50,000 and 75,000, $165 in each county with a population between 75,000 and 100,000, $220 in each county with a population between 100,000 and 150,000, and $275 in each county with a population exceeding 150,000, was not invalid because it violated either the State or the Federal constitution. Under the tax act under consideration in the case just cited, the classification was made with reference to the population of the county within which the business was carried on. In the unanimous opinion of the court delivered by Mr. Presiding Justice Beck, it was said: "If the amount of tax fixed had to be precisely adjusted so as to impose the same burden upon every dealer in proportion to the amount of business done or the opportunity for doing business, it would

be extremely difficult, if not impossible, to select any fact or standard by which the classification could be made. The only requirement is that the fact selected for the classification under which a tax like that in question is imposed shall not be arbitrary, but shall bear a reasonable relation to the tax imposed upon the business. It may be true that a county with less than 20,000 population may in some cases afford a more profitable field for the conduct of business than an adjoining county having a population of 30,000; but it can not be held that the legislature in enacting the provision in question could not decide that there was a reasonable relation between the population of a county and the amount of business of a given character carried on in that county." See also *Sawtell* v. *Atlanta,* 138 *Ga.* 687 (75 S. E. 982). Under the ordinance there attacked, if an ice dealer employed 1 or 5 wagons, the tax was $50; but if he employed more than 5 wagons, there was an additional tax of $10 for each additional wagon. The ordinance was upheld. See also *Witham* v. *Stewart,* 129 *Ga.* 48 (58 S. E. 463). In *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), it was held: "Under the above provision of the constitution, the legislature is authorized to make classifications and subdivisions of classifications for the purpose of levying business or occupation taxes, and, in doing so, can make any classification or subdivision which is reasonable and not arbitrary. . . Under the above provision of the constitution, the legislature can put dealers in cigars in incorporated towns and cities in a class, and impose upon the members of such class an occupation tax, graduated according to the population of the towns and cities in which such dealers do business; and when the same tax is imposed upon each member of each class in every incorporated town and city in the State, and the method of its enforcement is the same, the uniformity required by the above provision of the constitution is secured. . . An act making such classification and imposing an occupation tax upon the members thereof does not violate the above constitutional provision because dealers outside incorporated towns and cities are not taxed."

So we are of the opinion that the court did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur, except*

ATKINSON and HILL, JJ., dissenting. The tax in question is based on paragraph 17 of the general tax act of 1927 (Acts 1927,

p. 62), which lays a tax on the business of operating *garages*, as follows: "Upon each person, firm, or corporation carrying on the business of operating garages, either for storage or repairing automobiles, in cities of more than 35,000 inhabitants $75.00; in cities between 20,000 and 35,000 inhabitants, $50.00; in cities between 10,000 and 20,000 inhabitants, $25.00; in cities and towns of 1,000 to 10,000 inhabitants, $15.00; in cities and towns of less than 1,000 inhabitants, $5.00; and persons operating such garages within one mile of the limits of all incorporated cities, $5.00." This provision of the statute is attacked on several grounds, among which is that it violates article 7, section 2, paragraph 1, of the constitution of this State (Civil Code, § 6553), which provides: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." This ground of attack should have been sustained and the tax based thereon held to be void. The entire State is the taxing district. The tax will not apply to the business of operating garages in those portions of the State outside of cities and towns and not within one mile of the limits of incorporated cities. The controlling principles are sufficiently set forth in the dissenting opinion in *Wright* v. *Hirsch*, 155 *Ga.* 229 (supra), and need not be repeated.