DASHER *v.* CONAWAY.

ATKINSON, J. 1. "Where a case is submitted on both law and facts to the presiding judge without the intervention of a jury, a party dissatisfied with the decision may make a motion for a new trial, or may bring the case to this court by direct bill of exceptions. If he pursue the latter course, the writ of error will not be dismissed on the ground that a motion for a new trial should have been made." *Crumbley* v. *Brook*, 135 *Ga.* 723 (70 S. E. 655).

2. "Where there has been a substantial compliance with the law as to bringing a brief of evidence to this court, such a brief will not be disregarded although it may not be made in absolute compliance with the statute. But where there is an entire disregard of the statutory requirements, and what is called a brief of evidence is largely made up of irrelevant matter, such as a caption to depositions, a notice of an intention to take them, and similar things as to which no point is made, objections made by counsel to the introduction of evidence, colloquies between counsel and between them and the court, and rulings of the court, such a paper will be held to constitute no compliance with law, and this court will not determine any question which is dependent upon its consideration. . . The bringing to this court of such a paper as a brief of evidence will not work a dismissal of the writ of error. But if no question can be determined without a consideration of the evidence, an affirmance will result." *Crumbley* v. *Brook*, supra; *Davis* v. *Gray*, 163 *Ga.* 271 (136 S. E. 81), and cit.

3. In the instant case the so-called brief of evidence embodied in the bill of exceptions does not comply with the statute, and can not be considered. The assignments of error depend upon consideration of the evidence. *Judgment affirmed. All the Justices concur.*

No. 9502. FEBRUARY 13, 1934.

*Bright, Theus & Brannen,* for plaintiff in error.
*W. G. Warnell* and *Harold Warnell,* contra.