*Dan Plaster, L. M. Tatham,* and *H. A. Glore,* for plaintiff.
*H. H. Hamrick,* for defendant.

GUERRY *et al. v.* HARRISON, comptroller-general, *et al.*

RUSSELL, C. J. 1. The General Assembly, in the imposition of occupation taxes, may subdivide into different classes persons engaged in the same business but under different conditions and surroundings. In the exercise of this power of classification they may impose an occupation tax upon only one of these classes, provided the classification and the consequent imposition of the tax is based upon sound reason, and is not arbitrary or capricious.

2. Section 2, par. 66, of the general tax act of 1927 (Ga. L. 1927, p. 76), as amended by the act of 1929 (Ga. L. 1929, p. 67), as amended by the act of 1931 (Ga. L. Ex. Sess. 1931, p. 86), is not violative of art. 7, sec. 2, par. 1, of the constitution of 1877 (Code, § 6553), which requires that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Nor is the part of the tax act above referred to violative of art. 1, sec. 1, par. 2, of the constitution (§ 6358), which declares that "Protection to person and property is the paramount duty

of government, and shall be impartial and complete." *Adams Motor Co.* v. *Cler,* 149 *Ga.* 818 (102 S. E. 440); *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795); *Price* v. *Richardson,* 159 *Ga.* 299 (125 S. E. 449); *Georgia-Carolina Lumber Co.* v. *Wright,* 161 *Ga.* 281 (131 S. E. 173); *Case-Fowler Lumber Co.* v. *Winslett,* 168 *Ga.* 808 (149 S. E. 211); *Fulton Electric Co.* v. *Harrison,* 171 *Ga.* 571 (156 S. E. 255); *Winslett* v. *Case-Fowler Lumber Co.,* 173 *Ga.* 539 (160 S. E. 384); *Millirons* v. *Harrison,* 175 *Ga.* 764 (166 S. E. 231, 84 A. L. R. 1142).

3. The legal effect of the act of 1927, as amended in 1929 and 1931, referred to above, was to place in one different and distinct class those engaged in the specified business who carried on their occupation in any of the designated municipalities, or within three miles thereof, imposing upon each an occupation tax fixed in proportion to the population of each municipality, and to place in the second class those who were not included within any municipality of as much as 1,000· population, or within three miles of such municipality, and upon the second class no tax is imposed.

4. The scheme of classification in the general tax act of 1927, as subsequently amended in 1929 and 1931, is neither arbitrary, unreasonable, nor capricious. The right to classify being inherent in the General Assembly, subject only to the limitations just referred to, the Supreme Court can not hold that the General Assembly, in exempting the class comprising those who were not within the limits or within three miles of the limits of the specified municipalities, exceeded its powers in that the law thereby placed an unfair and discriminatory burden upon such business when located within or in the environs of such municipalities. In the exercise of its authority, the General Assembly had the right to consider whether the benefits accrued from the location of such a business as that involved at a place where adequate police protection, supplies of lights and water, protection of the public health, and religious and educational advantages, etc., in furnishing a supply of employees for the business constantly accessible, did not counterbalance the exemption of those engaged in the same business but who were afforded no such facilities.

5. The court did not err in sustaining the demurrer and dismissing the petition.     *Judgment affirmed.   All the Justices concur, except*

ATKINSON, J., who dissents for the reason stated in the dissenting division in *Wright* v. *Hirsch,* supra.

No. 9831.   MARCH 14, 1934.

*O'Neal & O'Neal,* for plaintiffs.

*M. J. Yeomans, attorney-general,* and *Dave M. Parker,* for defendants.