30760. COOK, revenue commissioner, *v.* COBB, *et al.*

DECIDED MARCH 3, 1945.

*T. Grady Head, attorney-general, Victor Davidson* and *C. Marion Dobbs, assistant attorneys-general,* for plaintiff.

*Lovejoy & Mayer, Swift, Pease, Davidson, Swinson & Chapman,* for defendants.

PARKER, J. J. Eugene Cook, as commissioner of revenue of the State of Georgia, issued two tax executions against George S. Cobb Sr., Edna L. Cobb, and George S. Cobb Jr., a partnership trading as West Point Coca-Cola Bottling Co., for State occupation taxes, for engaging in the business of operating seventeen coca-cola vending machines during 1943 and 1944, at the rate of $5 for each machine for each of said years. To the levy of said executions by the sheriff of Troup County the defendants filed an affidavit of illegality, the material parts of which are as follows: "The said defendant . . says that said executions did issue illegally and that said executions are proceeding illegally, in that the said section 71 of the general tax act of 1935 (Ga. L. 1935, pp. 42 and 43), does not impose any tax upon vending machines by the depositing of a coin by which an article of merchandise may be obtained, where the deposit of coins exceeds one cent per operation. The coca-cola vending machines operated by the said partnership and the defendant in fi. fa., all require a deposit of five cents for each operation of said machine. The language of paragraph (b) of section 71 of the general tax act of 1935, as aforesaid, to wit: 'On all other machines described in this paragraph, charging more than one cent per operation, $5 for each machine where kept set up, used or operated,' has reference only to the machines described in said paragraph (b), and which does not contemplate soda vending machines of the character owned and operated by the defendants herein." Upon the trial the facts were agreed upon by a written stipulation entered into by the parties. It was also agreed that the only question before the court was the proper construction of paragraph 71 of the general tax act of 1935 (Ga. L. 1935, p. 42), and the determination thereunder as to whether the defendants were liable, and that the case should be submitted to the judge of the superior court to pass on and determine the question of law involved without the intervention of a jury. The court rendered a judgment sustaining the illegality and dismissing the levy. The case is in this court on exceptions to that ruling.

Excellent briefs have been filed by counsel for both sides in this

case, and the arguments on their respective contentions ably and skillfully presented. Counsel for the plaintiff in error contend that tax-exemption statutes should be construed most strongly against the taxpayer and in favor of the State, that if two constructions can be placed upon a statute, one of which is constitutional and the other unconstitutional, that construction is to be preferred which renders the act constitutional; that a reasonable and common-sense construction should be given to all statutes; that the cardinal rule of construction of a legislative act is that the intention of the legislature, when obvious or ascertained, shall govern; and that if a statute be susceptible of two constructions, one consistent with natural equity and justice and the other not, the courts will adopt the former construction. Counsel for the defendants in error contend that statutes imposing restrictions upon trade or common occupations, levying a tax upon them, must be construed strictly, and that statutes levying taxes upon subjects or citizens are construed most strongly against the government, and where there is a just doubt it should be resolved in favor of the taxpayer. They also contend that the taxpayers in this case are not claiming a tax exemption but are simply asserting that no tax has been imposed by the legislative authority on the vending machines used by the taxpayers. They assert also that the General Assembly, in the imposition of specific taxes upon occupations, has the power to make reasonable classifications of the subjects of taxation without doing violence to the uniformity provision of the constitution, and that the construction contended for by them does not militate against the constitutionality of the act imposing the tax in question.

On the argument respecting tax-exemption statutes we agree with counsel for the defendants in error. The act under consideration was not intended to create any exemptions from taxation. Clearly its purpose was to impose occupational taxes on the keeping, setting up, using, or operation of all types of slot-machines, and other vending machines, along with pool tables and others used for playing games. Therefore, the rule that all grants of exemption from taxation must be strictly construed in favor of the State is not applicable. The real question before us is whether the general tax act of 1935 levied a specific or occupation tax on coca-cola vending machines charging more than one cent per op-

eration. The provision of the act requiring a construction is paragraph 71, and is as follows: "Paragraph 71. Machines (slot). (a) Upon every machine, punchboard, or other device, operated, used, or kept in this State, wherein is kept any article to be purchased by depositing therein or paid therefor any coin or thing of value, and for which may be had any article of merchandise whatsoever, where there is no chance incurred, by reason thereof, and where the deposit of coin or other thing of value does not exceed one cent per operation, $2 for each machine, punchboard, or other device for each county where kept, set up, used, or operated. (b) Upon each slot-machine wherein may be seen any picture or music may be heard by depositing in said machine any coin or thing of value, and each weighing machine or scale, and every machine making stencils by use of contrivances operated by slot, wherein coin or other thing of value is to be deposited or used, the deposit of coin or thing of value not exceeding one cent per operation, $1 for each machine where kept, set up, used, or operated. On all other machines described in this paragraph, charging more than one cent per operation, $5 for each machine where kept, set up, used, or operated. (c) Upon each miniature pool table not exceeding 30x60 inches playing surface, $5 for each table where set up, used, or operated. Pool tables in excess of 30x60 inches playing surface shall be subject to the tax imposed by paragraph 19 of this act. (d) Upon each table, stand, or machine used for playing games, not otherwise classified in this act, a tax of $5 for each table, stand or machine, where set up, used, or operated. (e) Upon each owner of mint and merchandise check-vending machines, $25 for each machine, where set up, used, or operated." Each of the subparagraphs or subsections (a), (b), (c), (d), and (e) are separately indented and spaced apart as printed in Ga. L. 1935, pp. 42 and 43.

The particular part of paragraph 71 under which the executions for the taxes involved were issued is the last sentence in subsection or paragraph (b) which imposes a tax of $5 on all machines described in this paragraph, charging more than one cent per operation. The precise question, therefore, for decision is, whether the word "paragraph," as used in the sentence under consideration, refers only to subsection or paragraph (b), and applies only to the slot-machines therein described (which do

not include coca-cola vending machines), where the cost of operation is more than one cent, or refers and relates to all of paragraph 71 as numbered in the act.

■ We do not think it necessary to discuss all of the contentions made by the parties in reaching a proper conclusion in this case. The issue seems reasonably simple. The Code, § 102-102 (9), says: "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy. Grammatical errors shall not vitiate, and a transposition of words and clauses may be resorted to when the sentence or clause is without meaning as it stands." In *Board of Tax Assessors* v. *Catledge,* 173 *Ga.* 656 (160 S. E. 909), it was said: "The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law." In *Roberts* v. *State,* 4 *Ga. App.* 207, 210 (60 S. E. 1082), this court said: "The cardinal canon of construction of a legislative act is that the intention, when ascertained, governs; and all other rules of interpretation are subordinate. And it is also well settled that the mere letter does not always express the intent. 'A thing which is within the intention of the makers of the statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers.' " In *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114, 121 (25 S. E. 249, 35. L. R. A. 497), this rule was stated: "Statutes relating to taxation . . are to be so construed as to carry into effect the obvious intent of the legislature, rather than to defeat that intent by a too strict adherence to the letter." The statute in question was a tax measure, a general-tax act. It placed specific or occupation taxes on numerous businesses, occupations, trades, and callings, and on the keeping, maintaining, and operation of various devices and things including slot-machines of different types. Subsection (a) of paragraph 71 deals with slot-machines where the coin or other thing of value deposited does not exceed one cent per operation, imposing a tax of $2 for each machine for each county where kept, etc. Subsection (b) deals with slot-machines producing pictures or music, and machines for weighing or for making stencils, imposing a tax of $1 for each machine where the cost of operation does not

exceed one cent. The fact that subsection (a) imposes the tax for each county where a machine is kept or operated, while subsection (b) makes no reference to counties, is immaterial, as both taxes are collected by the State and not by the counties. The legislature would hardly have intended to tax one-cent slot-machines and not tax five-cent machines of a like character. It does not seem reasonable to say that the legislative intention was to tax the smaller operation and leave the larger untaxed when both were conducted in the same way. In *Blalock* v. *State,* 166 *Ga.* 465, 470 (143 S. E. 426), in discussing the construction of statutes, the Supreme Court said: "The construction must square with common sense and sound reasoning."

The form of the act itself is an aid in its construction. It contains twenty-five sections, and many of these contain a number of paragraphs, and many of the paragraphs contain numerous subparagraphs or subsections. It will be noted that paragraph 71 is composed of five subparagraphs or sections. The act designates its several parts as "sections, paragraphs and subparagraphs and/or subsections." Section 24 authorized the clerk of the house to correctly number "all sections, paragraphs and subparagraphs and/or subsections." While Webster defines the word "paragraph" as "a distinct section or subdivision of a discourse, chapter, or writing," and in a purely technical sense each subdivision of the act is a paragraph, we think it is clear that the legislature intended, in referring to any particular paragraph, to treat as paragraphs only those subdivisions of the act so designated and numbered. Under this construction subsections (a) and (b) of paragraph 71 were merely subparagraphs, and were not each a paragraph within and of itself, and the last sentence in subparagraph (b) related to paragraph 71 as a whole and not merely to the subparagraph in which it appears. This construction is supported by the fact that the general tax act of 1927, which contained the identical provisions embodied in subsections (a) and (b) of paragraph 71 of the later act, was codified in the Code of 1933 by making the last sentence in subsection (b) applicable to subsection (a) also. Code, §§ 92-1302, 92-1303. While the action of the codifiers is not binding upon the courts, their construction was accepted by the legislature when the Code was adopted. It appears also that the legislature amended the act of

1935 in 1941, and in so doing treated subparagraph (a) as a subsection of paragraph 71. Ga. L. 1941, p. 202.

■ Another rule of construction has been stated as follows: "It should be the purpose of courts to give effect to legislative intention; and where that intention is not perfectly clear, the unbending rule is that such a reasonable construction of the statute as will render it harmonious with constitutional restrictions should invariably be adopted." *Singer Mfg. Co.* v. *Wright,* supra. Our constitution requires that "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Code, § 2-5001. While the General Assembly, in imposing occupation taxes, may subdivide into different classes persons engaged in the same business, but under different circumstances and conditions, and may impose an occupation tax upon one class only, the classification and consequent imposition of the tax must be based upon sound reason and can not be arbitrary or capricious. *Guerry* v. *Harrison,* 178 *Ga.* 669 (173 S. E. 831). Other cases dealing with the uniformity requirement of the constitution, and with the manner in which classifications for taxation may be made, are *Featherstone* v. *Norman,* 170 *Ga.* 370 (153 S. E. 58, 70 A. L. R. 449); *Woolworth Co.* v. *Harrison,* 172 *Ga.* 179 (156 S. E. 904); *American Bakeries Co.* v. *Griffin,* 174 *Ga.* 115 (162 S. E. 513); and *Forrester* v. *Edwards,* 192 *Ga.* 529 (15 S. E. 2d, 851). Under the principles recognized in these authorities a construction of the act upholding the tax involved seems to be the only reasonable conclusion that can be reached. After carefully considering all of the cases cited, and every argument made by counsel in this case, we hold that the trial court erred in sustaining the illegality and in dismissing the levies.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*