41174. UNDERCOFLER, Commissioner v.
CAPITAL AUTOMOBILE COMPANY.

ARGUED MARCH 3, 1965—DECIDED MAY 20, 1965.

*Eugene Cook, Attorney General, William L. Harper, John A. Blackburn, Assistant Attorneys General, Melvin Thompson,* for plaintiff in error.

*Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr.,* contra.

BELL, Presiding Judge. ■ Taxpayer is engaged as a dealer in the business of selling automobiles at retail. In computing the Georgia sales tax upon its sales of automobiles for the taxable period in question, taxpayer deducted from gross sales the federal manufacturer's excise tax imposed upon automobiles by 26 U.S.C. (I.R.C. 1954) § 4061. Also, it is apparent from the record that the amount of taxes collected by taxpayer from its purchasers was based upon exclusion of this excise tax from sales price.

The ultimate question for determination is whether *Code Ann.* § 92-3441a creates an exclusion of the manufacturer's excise tax from "gross sales" as defined by *Code Ann.* § 92-3403a (D).

The pertinent statutory provisions are as follows: *Code Ann.* § 92-3402a (a) (Ga. L. 1960, pp. 153, 154). "Every purchaser of tangible personal property at retail in this State shall be

liable for a tax thereon at the rate of three per cent. of the sales price thereof. Said tax shall be paid by the purchaser to the retailer making such sale, as hereinafter provided, and said retailer shall remit same to the State Revenue Commissioner, as hereinafter provided, and when received by the State Revenue Commissioner it shall be a credit against the tax imposed hereinafter, on said retailer. Every person making a sale or sales of tangible personal property at retail in this State shall be a retailer and a dealer as defined in this Chapter and shall be liable for a tax thereon at the rate of three per cent. of such gross sale or gross sales, or the amount of taxes collected by him from his purchaser or purchasers, as hereinabove provided, whichever is greater: Provided, however, that no retail sale shall be taxable to the retailer or dealer which is not taxable hereunder to the purchaser at retail."

*Code Ann.* § 92-3403a (D) (1) (Ga. L. 1951, pp. 360, 363). " 'Gross sales' means the sum total of all retail sales of tangible personal property or services as defined herein, without any deduction whatsoever of any kind or character, except as provided in this Chapter."

*Code Ann.* § 92-3403a (D) (3) (Ga. L. 1951, pp. 360, 366). " 'Gross sales' shall not include the federal retailers excise tax if this excise tax is billed to the customer separately from the selling price of the product."

*Code Ann.* § 92-3403a (E) (Ga. L. 1951, pp. 360, 367). " 'Sales price' means the total amount for which tangible personal property or services are sold, including any services that are a part of the sale, valued in money, whether paid in money or otherwise, and includes any amount for which credit is given to the purchaser by the seller, without any deduction therefrom on account of the cost of the property sold, the cost of materials used, labor or service costs, losses or any other expenses whatsoever . . ."

*Code Ann.* § 92-3441a (Ga. L. 1951, pp. 360, 385). "Federal excise taxes shall be excluded by the Commissioner in collecting the tax imposed on the sale price of any item or commodity or value admissions or services."

Federal excise taxes may be classed in two general categories: Some Internal Revenue Code provisions for federal excise taxes,

such as the retailer's excise taxes imposed under 26 U.S.C. (I.R.C. 1954) Ch. 31 and excise taxes upon facilities and services imposed under 26 U.S.C. (I.R.C. 1954) Ch. 33, create tax liability only as of the time of a retail sale or other dealer-consumer transaction. Other provisions for federal excise taxes generally create tax liability prior to the point of retail sale or consumer transaction: See 26 U.S.C. (I.R.C. 1954) Ch. 32 (manufacturers excise taxes), § 4451 (the excise tax upon playing cards), Ch. 37 (excise taxes upon the manufacture or processing of sugar, coconut and palm oil), Ch. 39 (regulatory taxes upon narcotic drugs and other commodities), Subtitle E (alcohol and tobacco taxes and taxes upon firearms).

Whether the Sales Tax Act's exclusion of federal excise taxes excludes both these classes of federal excise taxes will be considered in light of the relationship of dealer liability and purchaser liability. Some of the Act's provisions pertain only to dealer liability, while certain others pertain only to purchaser liability. The dealer is not liable for the tax upon a sale not taxable to the purchaser. *Code Ann.* § 92-3402a (a). (Note that following the decisions in *Williams v. Bear's Den, Inc.*, 214 Ga. 240, 104 SE2d 230, and *Oxford v. J. D. Jewell, Inc.*, 215 Ga. 616, 112 SE2d 601, which construed the Act as one imposing the tax primarily and essentially upon the dealer, *Code Ann.* § 92-3402a (a) was so amended, Ga. L. 1960, pp. 153, 154, as to make the dealer's liability consistent with that of the purchaser.) Likewise, it is obvious that the legislature intended that the purchaser would not be liable for the tax upon a sale not taxable to the dealer, for otherwise, the Act would lead to an absurd result. The language of different provisions relating to purchaser liability and dealer liability, insofar as they may be ambiguous as to the inclusion or exclusion of federal excise taxes, will be reconciled.

Under *Code Ann.* § 92-3402a (a) the purchaser of tangible personal property at retail is liable for a tax of three percent of the sales price. The sales price is the total amount for which the property is sold, without any deduction "on account of the cost of the property sold, the cost of materials used, labor or service costs, losses or any other expenses whatsoever." *Code Ann.* § 92-3403a (E). The cited Code section is one relating

to the purchaser's liability. The manufacturer's excise tax upon automobiles (26 U.S.C. (I.R.C. 1954) § 4061) is a tax liability resting directly upon the manufacturer (26 U.S.C. (I.R.C. 1954) § 4061), and amounts to an expense of his incidental to the sale or lease (26 U.S.C. (I.R.C. 1954) § 4217) or the manufacturer's own use (26 U.S.C. (I.R.C. 1954) § 4218) of the manufactured article; it is not a tax liability either of the intermediate dealer or of the ultimate purchaser. See Martin's Auto Trimming, Inc. v. Riddell, 283 F2d 503 (9th Cir.). To the dealer it is an element of "the cost of the property sold" within the meaning of the unambiguous language of *Code Ann.* § 92-3403a (E), and hence, to the purchaser, a part of the sales price, just as much so as the manufacturer's cost of raw materials and labor as elements figuring in the "sales price" as defined by this Code section. See *Consolidated Distributors, Inc. v. City of Atlanta*, 193 Ga. 853, 856 (2) (20 SE2d 421). The manufacturer's excise tax, but for separate billing to avoid payment of the Georgia sales tax pro tanto, has at the time of retail no separate identity as a tax. While this excise tax is in practical effect "passed on" to the purchaser, first by an increase in cost of the property to the dealer, then by an increase in the purchase price, yet this circumstance does not shift legal liability for payment of the federal tax and does not change the essential character of the tax, which is part and parcel of the sales price and not an extraneous addition to it. Thus *Code Ann.* § 92-3403a (E) (sales price) indicates that there is no exclusion of the manufacturer's excise tax from the sales price upon which the purchaser must pay sales tax to the dealer. The same reasoning is applicable to all these federal excise taxes liability for which occurs prior to the point of retail sale or other consumer transaction. It is clear, also, that under this section the purchaser is not liable for sales tax upon a sales price including those federal excise taxes for which no liability accrues until a retail sale or consumer transaction occurs where the federal tax is not included as part of the sales price agreed upon but is billed to the purchaser separately.

This is consistent with *Code Ann.* § 92-3403a (D) defining "gross sales," in terms of which *Code Ann.* § 92-3402a (a) imposes upon the dealer liability for payment of the tax to the

Commissioner. " 'Gross sales' means the sum total of all retail sales . . ." *Code Ann.* § 92-3403a (D) (1). This is equivalent to saying that "gross sales" means the sum total of the sales prices of all retail sales. It follows from this and from the above discussion of "sales price" and *Code Ann.* § 92-3403a (E), that the dealer would be liable to the Commissioner for a tax based on gross sales based in turn upon sales prices without any deduction of manufacturer's excise taxes. Moreover, in immediate connection with the definition of "gross sales," *Code Ann.* § 92-3403a (D) (3) provides that this term shall not include federal retailer's excise tax separately billed to the consumer. *Expressum facit cessare tacitum. Bailey v. Lumpkin,* 1 Ga. 392, 404. In order to construe the definition of "gross sales" (*Code Ann.* § 92-3403a (D)) in complete harmony with the definition of "sales price" (*Code Ann.* § 92-3403a (E)), with respect to the exclusion from "gross sales" of the federal retailer's excise tax when separately billed to the customer (*Code Ann.* § 92-3403a (D) (3)) the term "federal retailers excise tax" must be understood in its broad sense as encompassing any federal excise tax for which liability occurs only as of the time of a consumer transaction, not in its restricted sense as referring only to those excise taxes imposed under 26 U.S.C. (I.R.C. 1954) Ch. 31. The term would thus include not only the retailer's excise tax on luxury items, etc., under Ch. 31, but also the tax on facilities and services under 26 U.S.C. (I.R.C. 1954) Ch. 33.

Our analysis of the Sales Tax Act in connection with appropriate provisions of the Internal Revenue Code of 1954 reveals that the term "federal excise taxes" as used in *Code Ann.* § 92-3441a must be understood in one of two possible meanings: The two possibilities are (1) that the term refers to federal excise taxes of both classes—that is, all federal excise taxes— and (2) that the term refers only to federal excise taxes of the first class when billed separately to the customer, which are not included in the Act's definitions of "sales price" and "gross sales."

The latter construction renders *Code Ann.* § 92-3441a harmonious with *Code Ann.* §§ 92-3402a (a), 92-3403a (D) and 92-3403a (E) discussed above. The former construction would conflict with other provisions of the Act in the following respects:

(1) This construction would render inconsistent different provisions of the Act pertaining to dealer liability and purchaser liability. *Code Ann.* § 92-3441a pertains only to dealer liability, while the Act contains no similar provision, excluding both classes of federal excise taxes, pertaining to purchaser liability. Therefore, under *Code Ann.* §§ 92-3402a (a) and 92-3403a (E) the purchaser would be liable for payment of tax to the dealer upon a sales price including the manufacturer's excise tax, which the dealer would not be required, under this literal construction of *Code Ann.* § 92-3441a, to remit to the Commissioner. It is not to be presumed that the legislature intended that the tax levied upon the purchaser in clear terms of the Act would be diverted from the public coffers and into private pockets through the ambiguous exclusion in *Code Ann.* § 92-3441a. (2) This literal construction would be inconsistent with the definition of "gross sales" based upon "sales price" (*Code Ann.* §§ 92-3403a (D) and 92-3403a (E)), which includes the manufacturer's excise tax. (3) It would render meaningless the more specific exclusions set forth in *Code Ann.* § 92-3403a (D) (3) of federal retailer's excise taxes billed separately to the customer.

Apart from *Code Ann.* § 92-3441a, pertinent provisions of the Act clearly evince a legislative intent (1) that purchaser and dealer shall pay the sales tax upon sales price and gross sales (or the total amount of tax collected), respectively, based upon the inclusion in sales price of all those federal excise taxes for which liability arises prior to the time of a retail sale or other consumer transaction and (2) that purchaser and dealer shall not pay sales tax upon those federal excise taxes for which no liability arises until the time of retail sale or other consumer transaction, provided the tax is not included in the stated sales price but is billed to the customer separately. Applying to *Code Ann.* § 92-3441a the following appropriate rules of statutory construction in light of the ambiguity of the language of *Code Ann.* § 92-3441a and the clear legislative intent manifest in other provisions of the Act, we understand "federal excise taxes" as used in this section to mean those federal excise taxes upon which the purchaser is not required to pay the dealer sales tax according to the definition of sales price contained in *Code Ann.* § 92-3402a (E)—that is, those federal excise taxes of the

first class when billed separately to the customer, which are not included in "sales price" and "gross sales."

"In all interpretations, the courts shall look diligently for the intention of the General Assembly . . ." *Code* § 102-102 (9). "The cardinal canon of construction of a legislative Act is that the intention, when ascertained, governs; and all other rules of interpretation are subordinate. And it is also well settled that the mere letter does not always express the intent. A thing which is within the intention of the makers of the statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers." *Roberts v. State*, 4 Ga. App. 207, 210 (60 SE 1082); *Cook v. Cobb*, 72 Ga. App. 150, 154 (33 SE2d 366). See *Erwin v. Moore*, 15 Ga. 361, 364 (1); *Demere v. Germania Bank*, 116 Ga. 317, 318 (42 SE 488); *Evans v. Evans*, 190 Ga. 364, 370 (9 SE2d 254); *Sumter County v. Allen*, 193 Ga. 171, 176 (17 SE2d 567); *New Amsterdam Casualty Co. v. Freeland*, 216 Ga. 491, 495 (117 SE2d 538); *Oxford v. Carter*, 216 Ga. 821, 823 (120 SE2d 298); *Drake v. Thyer Mfg. Corp.*, 105 Ga. App. 20, 22 (3) (123 SE2d 457).

"In the construction of a statute the legislative intent must be determined from a consideration of it as a whole. *City of Macon v. Ga. Power Co.*, 171 Ga. 40 (3) (155 SE 34). The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole. In re Kilby Bank, 23 Pick. (40 Mass.) 93. Where there is an apparent conflict between different sections of the same statute, the duty of the court is to reconcile them, if possible, so as to make them consistent and harmonious with one another. *Cason v. Harn*, 161 Ga. 366 (131 SE 88)." *Williams v. Bear's Den, Inc.*, 214 Ga. 240, 242 (104 SE2d 230).

"Every part of a statute must be viewed in connection with the whole, so as to harmonize all its parts if practicable, and give a sensible and intelligent effect to each, for it is not to be presumed that the legislature intended any part of the statute to be without meaning [citations omitted]. . . Where a general term in one part of a statute is inconsistent with a more specific provision in another part, the latter must govern (*Kiser*

*v. Doyal,* 51 Ga. App. 30, 33, 179 SE 578)." *State Revenue Commission v. Alexander,* 54 Ga. App. 295, 296 (1) (187 SE 707).

"It is contended by the plaintiff that, if a tax statute is of doubtful meaning, it must be construed liberally in favor of the taxpayer and against the taxing authority. This is a well-established rule in this State . . . In the present case, however, the plaintiff is not relying upon the vagueness or uncertainty of a statute levying a tax. On the contrary, the plaintiff is seeking to claim the benefit of a proviso contained in the Retailers' and Consumers' Sales and Use Tax Act, which purports to grant an exemption from taxation. Under these facts, an entirely different rule is applicable. The exemption from taxation must be strictly construed, 'and the exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that such was the intention of the legislature.' " *Cherokee Brick & Tile Co. v. Redwine,* 209 Ga. 691, 692 (75 SE2d 550) and citations.

The whole purpose of the Act and the well-defined legislative intent in its enactment was to levy a tax on *retail sales* with no exemptions except clearly expressed ones. The Act deals only with retail sales and with means to preclude avoidance of the tax by provisions for a use tax where enforcement directly against the retail sale is not practicable. When viewed in that true context, it is clear that *Code Ann.* § 92-3441a refers only to those federal excise taxes assessed by the federal government at the *retail level.* It (*Code Ann.* § 92-3441a) is an imprecise expression merely cumulative of that which is clear from *Code Ann.* §§ 92-3403a (D) and 92-3403a (E), and means no more than that the Commissioner shall not collect sales tax upon federal excise taxes which are not a part of sales price and gross sales according to those provisions.

The federal manufacturer's excise tax levied on the manufacturer at the time of the manufacturer's sale of automobiles is not exempted from inclusion in the retailer's cost of the property sold or the sales price paid by the purchaser. Thus it is subject to the Georgia Sales and Use Tax Act.

■ The motion to dismiss the bill of exceptions is denied. "Where a case is submitted on both law and facts to the presiding judge without the intervention of a jury, a party dissatisfied

718

with the decision may make a motion for a new trial, or may bring the case to this court by direct bill of exceptions. If he pursue the latter course, the writ of error will not be dismissed on the ground that a motion for a new trial should have been made." *Dasher v. Conaway*, 178 Ga. 267 (1) (172 SE 917).

*Judgment is reversed with direction that the trial court enter judgment for the Commissioner for the amount of taxes in dispute as stated in paragraph (e) of the parties' stipulation of facts. Frankum and Hall, JJ., concur.*