49324. JONES v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

EBERHARDT, Presiding Judge.

The only issue presented by this appeal is whether

or not the proviso of Code Ann. § 3-115 (Ga. L. 1959, pp. 79, 80), permitting an eighteen-year-old married person to maintain an action and settle a claim in his own name abolishes the disability of infancy under Code § 3-801 and requires an eighteen-year-old married person to commence his action for injury to the person within the time limitation of Code Ann. § 3-1004.

The issue arises from these facts: On December 24, 1967, plaintiff was injured in an automobile accident. She was at the time of the accident (the time the action accrued) 17 years old, and became 18 years old October 4, 1968. On January 17, 1970, she was married. On October 4, 1971, plaintiff became 21 years old. On June 7, 1972 plaintiff filed a complaint for personal injuries received from the automobile accident. Thus the filing of the complaint occurred within a two-year period after plaintiff's reaching age 21, but after expiration of a two-year period following her marriage.

Appellee-intervenor, the insurer of the automobile in which plaintiff was a passenger, filed an intervention and answer, asserting as a defense that plaintiff's action was barred by the statute of limitation. Code Ann. § 3-1004. Plaintiff and intervenor both filed a motion for summary judgment as to this defense. The court granted intervenor's motion and denied the plaintiff's motion. The court issued a certificate for immediate review as to the denial of plaintiff's motion for summary judgment.

There is no question that under Code § 3-801 the plaintiff was under the infancy disability from the date of the accident until at least the date of her marriage in January, 1970. See *Jordan v. Thornton,* 7 Ga. 517. There is also no question that the statute of limitation applicable to the plaintiff is two years. Code Ann. § 3-1004. The Act of 1972, pp. 193, 194 which changed the age of majority from 21 years to 18 years, was not effective until July 1, 1972 and as such does not control the issue presented in this case.

The question that emerges is, did the plaintiff's marriage after she was 18 years old remove the infancy disability and require her to sue within two years thereafter? We believe that it did not.

Code § 3-801 reads as follows: *"Persons under disability.*—Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons."

Prior to the amendment to Code § 3-115, that Code section read: *"Suits by infant not void; amendments; suit by married persons over 18 years of age.* — A suit commenced and prosecuted by an infant alone shall not be void; and although the suit may be defective in wanting a guardian or next friend, the defect shall be amendable before verdict and cured by verdict."

In 1959 the legislature added the following proviso: "Provided, however, that a married person 18 years of age or older may maintain an action and contract to settle claims in his own name."

Intervenor urges that the disability created by infancy referred to in Code § 3-801 can be removed by means other than reaching majority, e. g., marriage, emancipation by parents, and other statutory grants of rights to minors in certain situations. For example, under Code Ann. §§ 92A-401, 92A-441 and 92A-9904, the disability of infancy is removed by allowing a minor, 16 years old, to operate a motor vehicle without being chaperoned. While this may be true where a statute specifically confers such a right on an infant, in the absence of a statute, it has been recognized generally that the infancy disability continues until age 21. See, e. g., *Bush v. Lindsey,* 14 Ga. 687; *Walker v. Walker,* 209 Ga. 490 (74 SE2d 66); *Coleman v. Dublin Coca-Cola Bottling Co.,* 47 Ga. App. 369 (170 SE 549); *Grimsby v. Hudnell,* 76 Ga. 378; *Monroe v. Simmons,* 86 Ga. 344 (12 SE 643); *Nelson v. Estill,* 190 Ga. 235 (9 SE2d 73). Code Ann. § 74-104, as it existed prior to July, 1972 provided: *"Age of majority.*— The age of legal majority in this State is 21 years; until that age all persons are minors." The disability of infancy as referred to in Code § 3-801 is minority and minority under the law as it existed then meant not having reached the age of 21.

The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the

legislature in the passage of the law. Code § 102-102 (9); *Gazan v. Heery*, 183 Ga. 30 (187 SE 371); *Cook v. Cobb*, 72 Ga. App. 150 (33 SE2d 366). Our reading of Code Ann. § 3-115, in toto, indicates that that section deals with the ability of infants *to commence suit* with or without the appointment of a guardian or next friend. It is procedural in nature. The 1959 proviso does not confer any new rights to the infant (to maintain an action and contract to settle claims) which he did not already have. It merely means that if the infant desires to exercise those rights and he is 18 years old and married, he is not required to obtain permission from an adult guardian or next friend, but he *may* bring the action in his own name. The language of the proviso cannot be construed as *requiring* the eighteen-year-old married infant to commence the action within the applicable statute of limitation. Had the legislature intended such a result, we feel it would have said that as to such infants the protection formerly afforded them under Code § 3-801 had been removed. To read such an intent into the 1959 proviso would strain the language of the amendment and would be contrary to logic. This result avoids a repeal by implication which is disfavored by the law. *Edalgo v. Southern R. Co.*, 129 Ga. 258 (58 SE 846).

The case of *Thomas v. Byrd*, 107 Ga. App. 234 (129 SE2d 566), relied upon by the intervenor is distinguishable in that it dealt with a release that was signed by the eighteen-year-old, married plaintiff. In holding that she (the plaintiff) was under no legal disability because of the proviso of Code Ann. § 3-115, the court there did not say that the proviso removed her infancy disability as to the running of the statute of limitation. That case supports the view that the legislature intended to restrict the application of the proviso to her capacity *to settle claims* in her own name (which she did in that case) or to *bring an action* in her own name, not to totally remove her infancy disability.

Nor do we find constraining precedent in *Porter v. Liberty Mut. Ins. Co.*, 46 Ga. App. 86 (166 SE 675), cited by intervenor. That case deals with the right of minor employees who are over age 18 to workmen's compensation and is restricted to that right as

interpreted under the general scheme of the workmen's compensation laws. In determining that an eighteen-year-old employee must file a claim within one year from the date of his injury, the court specifically does not interpret Code § 3-801, but states that "Since there is no exception *in the workmen's compensation law* in favor of infants, . . . it must be held that they stand upon the same footing as adults with reference to the period of limitation fixed by the statute." (Emphasis supplied.) *Porter v. Liberty Mut. Ins. Co.,* supra, p. 90. The Workmen's Compensation Statute is sui generis and in many instances (though not all) provisions applicable there do not apply in other circumstances.

This court therefore finds that the disability of infancy insofar as Code § 3-801 is concerned is only removed when the party affected reaches his lawful majority.

*Judgment reversed. Deen and Stolz, JJ., concur.*

ARGUED MAY 7, 1974 — DECIDED MAY 24, 1974 — REHEARING DENIED JUNE 14, 1974 —

*Lokey & Bowden, Charles M. Lokey, Hamilton Lokey,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Stanley A. Coburn,* for appellees.