## EVERETT *vs.* THE PLANTERS' BANK.

Where a bill was filed on the 21st of April, 1876, to set aside deeds to lands, on the ground of usury in the consideration thereof, or to recover back the usury received by the lender, and where, on the 29th of January, 1874, the lands were received by the lender in payment of the debt, and the usury was then paid by the borrower in said lands:

*Held,* that the statute of limitations of 1871, prescribing that suits for the recovery back of usury must be brought within six months of the date of the payment thereof, is applicable to the bill so brought, and that the bill is barred by that limitation act, said limitation in the act of 1871 not being repealed by the act of 1873 on the subject of usury.

Interest and usury. Statute of limitations. Laws. Before Judge CRISP. Houston Superior Court. November Adjourned Term, 1877.

Reported in the opinion.

W. S. WALLACE; HAWKINS & HAWKINS, for plaintiff in error, cited as follows: Deed founded on usury, 54 *Ga.*, 15; 59 *Ib.*, 616; 53 *Ib.*, 412, 691. Receipt in ignorance of rights, Story's Eq. Pl., 796, 799, and authorities cited; 16 Peters, 269; 21 Wall., 342; 10 How., 174; 1 Story's Eq. Jur., 212, 217. Release without consideration, 30 *Ga.*, 731; 20 *Ib.*, 676.

SAM. HALL; C. C. DUNCAN; A. L. MILLER, for defendant, cited as follows: Deed extinguishing debt not void for usury, Code of 1868, §2025; 54 *Ga.*, 554; 55 *Ib.*, 412; Tyler on Usury, 393-4-5; 53 Barb., 306; 8 T. R., 390; 1 Johns. Cas., 150; 7 Paige, 615; Tyler, 402, 403, 436, 437. Statute of limitations, acts 1871, p. 75; 1 How., 311; 6 Reporter, 33; 12 La. Ann., 20, 221; Tyler on Usury, 427; 33 *Ga.*, 21; 54 *Ib.*, 190; acts 1873, p. 52; acts 1875, p. 105; Code, §5; 24 *Ga.*, 356; 54 *Ib.*, 636-8; 58 *Ib.*, 219; 57 *Ib.*, 95; Tyler on Usury, 449. Accord and satisfaction, Code, §§2878-82; 29 *Ga.*, 40; 32 *Ib.*, 173; 54 *Ib.*, 15.

JACKSON, Justice.

This was a bill filed to rescind certain deeds, the consideration of which was alleged to have been usurious, or to recover back the usurious interest paid to the bank in the lands deeded. There were many dealings between the parties from 1869 to 1872; the complainant borrowed a great deal of money from the bank, he and a brother who was in partnership with him, for which large usurious interest was charged; complainant assumed this indebtedness, and finally settled it by a sale of land, the bank agreeing to take the land at ten dollars per acre, but to pay complainant all over that sum which it realized from the sale; and complainant was to pay the bank interest from the sale of the lands to the bank, in February, 1873, until the bank resold and settled with him. The next year, 1874, the parties got together

and settled—at least, so far as the excess over ten dollars per acre was concerned—by the payment to complainant of $670.00. So that at that time, the 29th of January, 1874, the debt was extinguished by the receipt of the land, and the usury was then paid in the land. The bill prayed for discovery, and the bank admitted large sums for usury; but defended on two grounds—first, the six months' limitation for recovery of usury back, under the act of 1871; and, secondly, accord and satisfaction by the transaction in 1874.

In the view we take of the case, it is only necessary to consider the first ground of defense, the limitation clause in the act of 1871. It will be observed that the usury was paid in land in January, 1874, and it appears that the bill was filed in April, 1876, more than two years thereafter; so that if the six months limitation of 1871 is in force, the suit to recover the usury in money is barred, and if settled for in land, or paid in land, it must stand on the same principle. Therefore, the question is, was the act of 1871 in force as to this limitation clause in January, 1874, and did it apply to this bill brought in 1876? And that question involves this: did the act of 1873, repealing the laws against usury, repeal the clause in the act of 1871, requiring suits to be brought for usurious money paid in six months after payment?

The act of 1871 is entitled, "An act to amend the usury laws of this state;" and the first section provides that a written contract to pay as much as ten *per cent. per annum* shall be good and binding; the second section provides that when the contract is silent, seven per cent. shall be the rate; the third section provides that "no usury heretofore paid shall be recovered back unless the person or persons who paid the same institute suit therefor within six months after the passage of this act; and no usury hereafter paid shall be recovered back unless sued for within six months after the payment thereof;" and the fourth section enacts that if more than ten *per cent.* be stipulated in the contract, only ten *per cent.* shall be recoverable.

The act of 1873 is entitled, "An act to repeal the usury laws in this state, and to fix the rate of interest in cases where contracting parties make no contract in writing in reference thereto ;" and the first section enacts that all laws upon the subject of usury be repealed, and the others, that the contract shall fix any rate in. writing, and if none be fixed in writing, seven *per cent.* shall be the lawful interest. The question is, whether the third section of the act of 1871, fixing six months as the time to bring suit to recover back usury is repealed by the first section of the act of 1873, just cited. The court below held that it was not repealed, and we agree with him. The intent and meaning of the act of 1873 was to open the doors to any rate of interest whatever in writing ; its purpose was to encourage, and not to put down, usury ; and .it would be a forced construction to say that it could possibly have been intended to open the doors to its being recovered back at any time when nothing was made usurious by the amending act, but all usury was declared and made lawful by it. The act of 1873' was legislation in favor of the usurer and against the borrower ; and the idea that the act swept away all limitations on the time within which the borrower could sue to recover usury back from the lender, is in the teeth of the general scope and object of the act, and its purpose and intent.

The Code directs that statutes be construed with reference to the intention of the legislature, and that the old law, the mischief and the remedy, be considered to arrive at that intention (Code, §4, par. 9); and such was the rule long before there was any code of laws compiled for this state. The old law was that the lender was restricted in the use of his money by being prohibited from lending at rates over ten per cent. ; the evil, as was thought by the legislature of 1873, was that the free circulation of money was thereby restricted ; and the remedy was to tear down all barriers which prevented its flow into the state, and its ramification all over the state without let or hindrance, at rates dependent only on the contract of the parties. It was not in con-

templation to disturb any act of limitation at all—no more that embraced in the act of 1871 than any other. I doubt if a single member of either house contemplated or thought of such a result from the act. Besides, the legislature of 1875, the state having changed its policy in two years, evidently thought the act of 1871, in respect to the limitation of suits for usury, then in force, for they changed it to one year thereafter. See acts of 1871, p. 75; acts of 1873, p. 52; acts of 1875, p. 105.

Besides, this court held in the case of *Russell vs. Arnold*, 25 *Ga.*, 625, that the act exempting journeymen mechanics and day laborers from garnishment, passed in 1845, was not repealed by the act of 1855–6, though the latter act expressly declared that *all laws* on the subject of garnishment were by that act repealed; and the principle on which the case was put by Judge Benning covers this case. Indeed, he went to the extent of holding that the sense in which the words of the act were used by the legislature must prevail, even though violence were thereby done to the ordinary meaning of the words. See, also, *Caraker vs. Mathews & Mathews*, 25 *Ga.*, 571, and 34 *Ga.*, 245. We hold, therefore, that the complainant was too late in bringing this bill to recover back this usury, whether it was paid in money or in land, and too late to recover back the land in which the usury was paid—the consideration thereof being part usury which was then paid. See *Carswell vs. Hartridge*, 55 *Ga.*, 412-414; Tyler on Usury, 393, 394, 402, 403, 436, 437.

As this view controls this case, and must control it without regard to the accord and satisfaction, it is unnecessary to consider any charge of error in regard to that point, though the court seems to have put the issue thereon right to the jury, and there is evidence to support the verdict even in that aspect of the case.

Judgment affirmed.