25394. BECKMANN *et al. v.* ATLANTIC REFINING CO.

BROYLES, C. J. 1. An exception to a judgment dismissing a petition on general demurrer, which alleges that "to this ruling the plaintiff in error excepted, now excepts, and assigns the same as error upon the ground that it was contrary to law," is sufficiently specific. Any following words in the assignment of error, setting forth reasons why the judgment complained of was contrary to law, can properly be treated as surplusage. The motion to dismiss the writ of error is denied.

2. Misrepresentations as to a question of law "can not constitute remedial fraud, because every one is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion." 26 C. J. 1207, 1208, § 106. And this is especially so where there is no confidential relationship between the parties. *Claxton Bank* v. *Smith*, 34 *Ga. App.* 265 (129 S. E. 142), and cit. See the concurring opinion of Justice Candler in *Hart* v. *Waldo*, 117 *Ga.* 590 (43 S. E. 998).

3. In the instant case the petition attempted to set forth a cause of action based on alleged misrepresentations by the defendant's agent in assuring the plaintiff that the contract in question was a legal one; whereas, as alleged in the petition, under the national industrial recovery act it was an illegal contract. The question as to the legality of the contract being one of law, it is obvious that the plaintiff, by consulting an attorney at law, could have had the question determined, and that he was not obliged to rely on the representations of the agent of the defendant. And it appearing from the petition that no fiduciary relationship existed between the plaintiff and the defendant's agent, the petition failed to set out a cause of action, and the court properly dismissed it on general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JULY 9, 1936.

*Donnelly & Fleetwood,* for plaintiff.
*Hester & Clark,* for defendant.