26336. SALTER *v.* BROWN.

Decided November 27, 1937. Rehearing denied December 9, 1937.

H. B. Spooner, Vance Custer, J. C. Hale, for plaintiff.
A. B. Conger, for defendant.

Stephens, P. J. ■ A misrepresentation as to a matter of law which amounts only to misrepresentation as to a legal liability, which induces the making of a contract, does not constitute fraud

which would authorize an action for deceit, where the matter is equally open to the observation of both parties, and there is no relation of trust or confidence between them. 12 R. C. L. 295; *Hart* v. *Waldo*, 117 *Ga.* 590, 597 (43 S. E. 998); *Marietta Fertilizer Co.* v. *Beckwith*, 4 *Ga. App.* 245, 249 (61 S. E. 149); *Miller* v. *Roberts*, 9 *Ga. App.* 511 (71 S. E. 927). Thus, where a prospective purchaser of a quantity of peanuts represented to the owner of the peanuts who was offering them for sale that he, the purchaser, could not afford to pay the market value of $85 per ton, because there was a processing tax of $20 per ton imposed by the United States Government on the peanuts, and for this reason he could pay no more than $65 per ton for the peanuts, and the seller, relying on the purchaser's representation as to the existence of a processing tax on the peanuts, sold the peanuts to the purchaser for only $65 per ton, and thereby suffered a loss on the sale of the peanuts in an amount of $20 per ton, and where the pretended processing tax imposed was in fact void, and there was no legal liability by any one for the processing tax to be paid on the peanuts, and the purchaser, "well knowing that there was no valid processing tax" against the peanuts, had instituted legal proceedings in court for the purpose of enjoining the collection of "such processing tax" on the ground that "said pretended tax" was void and that there was no liability on the part of any one to pay such tax, and had obtained an injunction enjoining the collection of "such processing tax," that the seller did not know these facts, and did not know that the purchaser "was not paying any processing tax," and did not know that the purchaser had never paid any processing tax on the peanuts, the purchaser's misrepresentation of his liability for the payment of the processing tax on the peanuts was a misrepresentation that the purchaser was legally liable for the payment of the processing tax, and was as to a matter equally open to the observation of the seller, and therefore constituted no fraud which induced the seller to make the contract by which he parted with his peanuts at a price less than their market value. Therefore the seller was afforded no ground for a cause of action for deceit against the purchaser. Count 1 of the petition as amended, in a suit by the seller against the purchaser, to recover a sum representing the difference between the market value of the peanuts and the price at which they were sold, that is, a

sum representing the amount of the processing tax, failed to set out a cause of action, and the court did not err in sustaining the general demurrer to that count.

■ Where, however, a quantity of peanuts were sold, and the purchaser withheld payment on the purchase-price, and retained from the purchase-price a specified amount for the purpose of being used by him in paying a "processing tax" imposed and levied under the authority of the United States Government, and where the tax was void and invalid, and afterward was so adjudged and declared by the Supreme Court of the United States, and such tax was therefore not due, and the purchaser did not use the money so retained for the purpose of paying the tax, the amount of such money so retained being a part of the unpaid purchase-price of the peanuts, the purchaser was indebted therefor to the seller. Count 2 of the petition, in a suit by the seller against the purchaser to recover such sum, set out a cause of action, and the court erred in sustaining the general demurrer to that count. Where in that count the quantity of the peanuts sold was alleged, and the price at which the peanuts were sold was alleged as being the "market" price, and it was alleged that the amount deducted from the market price by the purchaser was a certain definite sum of money, as $174.95, as representing the amount of the alleged processing tax, the allegations of the petition were sufficiently specific in respect to the specific amount due to the plaintiff. Count 2 of the petition was not subject to special demurrer on the ground that the market price of the peanuts was not specifically alleged.

*Judgment reversed. Sutton and Felton, JJ., concur.*