### SWOFFORD *v.* GLAZE.

No. 17305. JANUARY 9, 1951. REHEARING DENIED FEBRUARY 15, 1951.

*Frank Lawson* and *Wheeler, Robinson & Thurmond,* for plaintiff.

*Sloan & Telford* and *Sidney O. Smith Jr.,* for defendant.

WYATT, J. "Ordinarily the plaintiff, in his petition, need not anticipate or negative a possible defense. Where, however, such defense is anticipated, it must be effectually avoided, or the complaint is bad." *James* v. *Maddox,* 153 *Ga.* 208 (3) (111 S. E. 731). See also *Smith* v. *Scarborough,* 182 *Ga.* 157 (185 S. E. 105), and *Swofford* v. *Glaze,* 206 *Ga.* 574 (57 S. E. 2d, 823). "A court of equity will not afford relief to a party who, with all the means of protecting himself against the imposition of the other party, abandons them and relies on his statements." *Castleberry* v. *Scandrett,* 20 *Ga.* 242. "Misrepresentations as to a question of law 'can not constitute remedial fraud, because every one is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion.' 26 C. J. 1207, 1208, § 106. And this is especially so where there is no confidential relationship between the parties. *Claxton Bank* v. *Smith,* 34 *Ga. App.* 265 (129 S. E. 142), and cit." *Beckmann* v. *Atlantic Refining Co.,* 53 *Ga. App.* 671 (2) (187 S. E. 158).

In the instant case, under the allegations of the petition, the parties were dealing at arms length. There was no fiduciary relationship. The alleged statements of the agent and adjuster for the. insurance company, to the effect that "there was no liability upon the part of Mr. Glaze to petitioner, and that if she resorted to legal action she would not get anything," were nothing more or less than the expression of an opinion by the adjuster and agent of the insurance company concerning an unliquidated claim. The plaintiff in the court below had no legal right to rely upon such an expression of opinion, and this allegation, therefore, does not amount to an allegation of fraud such as will avoid the release from liability executed by her.

"Weakness of understanding is not, of itself, any objection to the validity of a contract. . . The law, therefore, in fixing the standard of positive legal competency, has taken a low standard of capacity; but it is a clear and definite one, and therefore wise and safe. It holds . . that weak minds differ from

strong ones, only in the extent and power of their faculties; but unless they betray a total want of understanding, or idiocy, or delusion, they cannot properly be considered unsound." *Maddox* v. *Simmons*, 31 *Ga.* 512, 528, and cases cited. See *Boney* v. *Smallwood*, 202 *Ga.* 411, 416 (43 S. E. 2d, 271).

In the instant case, the petition, stripped of its conclusions, simply alleged that the plaintiff in the court below was not experienced in legal and business matters, that the agent and adjuster of the insurance company was experienced and was an attorney at law, and that the plaintiff was suffering from grief and shock on account of the death of her husband almost a month before the release from liability was signed. All of these allegations, if proven, would be insufficient to cancel and set aside the release signed by the plaintiff. A mere reading of *Bass* v. *Seaboard Air Line Railroad Co.* 205 *Ga.* 458 (53 S. E. 2d, 895), cited and relied on by the plaintiff in error will disclose the vast difference in facts between that case and the case now under consideration.

■ It is contended that the sustaining of the motion to dismiss was error because the principles of law concerning "great disparity of mental ability and great inadequacy of consideration" were applicable. The allegations of the petition failed to measure up to the requirements of great disparity of mental capacity. See *Pye* v. *Pye*, 133 *Ga.* 246 (65 S. E. 424), *Jones* v. *Hogans*, 197 *Ga.* 404 (29 S. E. 2d, 568), *Fuller* v. *Stone*, 207 *Ga.* 355 (61 S. E. 2d, 467), and *Hutchinson* v. *King*, 192 *Ga.* 402 (15 S. E. 2d, 523).

Since the evidence upon the trial of the case on the question of fraud and mental incapacity was not as strong as the allegations of the petition, it follows that it was not error to sustain the motion to strike, to direct a verdict, and to overrule the motion for new trial.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*