37968.   WILLIAMS *v.* DOUGHERTY COUNTY.

DECIDED FEBRUARY 5, 1960.

J. Neely Peacock, Jr., for plaintiff in error.

Farkas, Landau & Davis, Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Carter Goode, contra.

NICHOLS, Judge. As stated in the brief of the plaintiff: "There is no complaint that she [the plaintiff] did not understand the contents of the deed or understand what she was signing. This case is based on *fraud in the procurement of the deed.*" Emphasis by the plaintiff. The plaintiff relies on *Cline* v. *Nelson,* 46 *Ga. App.* 600 (168 S. E. 70), and similar cases to support her contention that a cause of action is set forth in the petition because she was induced by fraud to part with title to her land. In that case the plaintiff sought to recover because of the fraudulent misrepresentation of a *fact.* Such is not so in the case sub

judice, for the alleged misrepresentation here was as to matters of law. The petition alleged that the agent seeking the right-of-way deed to her property told her that they, the government, wanted the property in question, that they did not pay for this type of deed and would cause her a lot of trouble if she did not sign the deed presented to her when he "well knew that in order to secure a right-of-way over the property of the plaintiff, the defendant and the State Highway Department of Georgia would have to pay the plaintiff the value of her property for such right-of-way." Admittedly these were misrepresentations of law and as was said in the case of *Dixon* v. *Dixon*, 211 *Ga.* 557, 563 (87 S. E. 2d 369), " 'The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law.' 23 Am. Jur. 809, § 45; 37 C. J. S. 323, § 55; *Swafford* v. *Glaze,* 207 *Ga.* 532, 535 (63 S. E. 2d 342). The basis for this generally is that everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by erroneous statements of law. It has been held that this principle of law is especially true where there is no confidential relationship between the parties. *Hart* v. *Waldo,* 117 *Ga.* 590 (43 S. E. 998); *Manget Realty Co.* v. *Carolina Realty Co.,* 169 *Ga.* 495, 504 (150 S. E. 828); *Claxton Bank* v. *Smith,* 34 *Ga. App.* 265 (129 S. E. 142); *Beckmann* v. *Atlantic Refining Co.,* 53 *Ga.App.* 671 (2) (187 S. E. 158)." In that case an exception to the general rule was unsuccessfully sought to be invoked because of a confidential relationship between the parties which would have, if such relationship had existed, placed the case outside the general rule. "A misrepresentation as to a legal liability, which induces the making of a contract, does not constitute actionable fraud if the matter be open to the observation of both parties equally and there is no relation of trust or confidence between them." *Salter* v. *Brown,* 56 *Ga. App.* 792 (1) (193 S. E. 903). In the present case no such contention is made, the plaintiff relying on the allegation that she was "an ignorant and uneducated woman, and that there is great disparity between her mental capacity and that of the said Geer, and that the said Geer, acting for the defendant and the State Highway Department of Georgia, took advantage of

this disparity in mental ability in inducing the plaintiff to sign said right-of-way deed, which she would not have signed except for the fraud practiced upon her by the said Geer as aforesaid." Where there is no fiduciary relationship between the parties there can be no actionable fraud where the alleged misrepresentation is as to a matter of law, and, "it is obvious that the plaintiff by consulting an attorney at law, could have had the question determined, and that he was not obliged to rely on the representations of the agent of the defendant." *Beckmann* v. *Atlantic Refining Co.*, 53 *Ga. App.* 671 (3), supra. In the case of *Prudential Ins. Co.* v. *Sailors*, 69 *Ga. App.* 628, 634 (26 S. E. 2d 557), dealing with an action on an insurance policy it was said: "It is the general rule that the insured is chargeable with knowledge of all the conditions imposed upon him by the terms of his policy. *Hart* v. *Waldo*, 117 *Ga.* 590, 596 (43 S. E. 998). There was no trick, or device, or fraud alleged to have been used by the defendant upon the plaintiff, and the mere fact that he was illiterate, had attended school to the fourth grade only, and while he could read to some extent, did not have sufficient education to read and understand the terms of his contract, would not relieve him of the obligation to know all of the conditions imposed by the terms of the policy. *Equitable Life Assurance Society* v. *Adams*, 56 *Ga. App.* 5 (192 S. E. 90); *Mutual Benefit Health &c. Association* v. *Hulme*, 57 *Ga. App.* 876 (197 S. E. 85)." The same duty that rested on the plaintiff in that case to know the terms of the insurance policy rested on the plaintiff here to know the law purportedly misrepresented to her by the defendant's agent. In the present case it cannot be said that there was any actionable fraud used on the plaintiff where she was chargeable with knowing the law and the only misrepresentation allegedly practiced upon her was as to a matter of law. Accordingly, for this reason the trial court did not err in sustaining the defendant's general demurrer and it becomes unnecessary to pass on the other grounds of demurrers successfully urged before the trial court by the defendant.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*