## 38566. DRAKE v. THYER MANUFACTURING CORPORATION.

DECIDED NOVEMBER 16, 1961—REHEARING DENIED DECEMBER 5, 1961.

*P. Walter Jones, Robert Drake,* for plaintiff in error.
*Perry, Walters & Langstaff, Joseph B. Powell, Jr.,* contra.
*Eugene Cook, Attorney-General, Ben Johnson, Robert W. Goodman, Deputy Assistant Attorneys General,* amici curiae.

FELTON, Chief Judge. The Thyer Manufacturing Corp. sued M. G. Drake, d/b/a Drake Construction Co., to recover $7,806.40, the amount of use tax paid by the plaintiff to the State of Georgia, Department of Revenue, in connection with the plaintiff's failure in the first instance to collect the use tax from the defendant on sales of tangible personal property made by the plaintiff to the defendant, said sales being made during a period from January 22, 1954, through January 9, 1957. The plaintiff is a nonresident of the State. The defendant filed a general demurrer to the petition which was overruled. The defendant also filed an answer in which it denied owing the amount sued for and set up that a part of the sums sued for was barred by the statute of limitation of four years. The trial judge, sitting without a jury, heard the case on a written stipulation of facts and rendered judgment in favor of the plaintiff in the amount sued for. The stipulation of facts shows that the tax was paid by the plaintiff to the State of Georgia by three checks, one dated July 25, 1958, one dated August 14, 1958, and the other dated September 15, 1959. The action was filed on January 15, 1960. On appeal this court reversed the ruling on

the general demurrer on the ground that the petition did not affirmatively show that the provisions of the Georgia Sales and Use Tax Act were complied with by the plaintiff. On certiorari the Supreme Court in *Thyer Manufacturing Corp. v. Drake,* 117 Ga. 114 (121 SE2d 136), reversed the judgment of this court and held that the plaintiff's petition was not subject to general demurrer and returned the case to this court for further action to give effect to the decision of that court. The gravamen of the Supreme Court ruling was that it is not necessary for the plaintiff to show compliance with the Sales and Use Tax Act in anticipation of a possible defense by the defendant. The prior judgment of this court is vacated and the judgment of the Supreme Court which affirmed the judgment of the trial court overruling the defendant's general demurrer is made the judgment of this court. The judgment of the Supreme Court has the effect of nullifying the ruling made by this court. On the question whether the plaintiff is entitled to recover where the plaintiff pays the tax involved to the State before suing the defendant where it appeared under the stipulation of fact that the plaintiff did not collect the tax, as required by *Code Ann.* § 92-3405a, nor file any return as required by *Code Ann.* § 92-3424a, the Supreme Court made no ruling and it is now incumbent on this court to decide that question, together with the questions whether part of the sum sued for is barred by the statute of limitation of four years, and whether the plaintiff is estopped from collecting the amount sued for from the defendant by reason of the fact stipulated that an agent of the plaintiff, in negotiating the sales involved with the defendant, advised the defendant that the plaintiff company had advised him that its interpretation of the Georgia Sales and Use Tax Act was that in the sales to the defendant there would not be any tax required to be paid by either the plaintiff or the defendant.

■ No part of the amount sued for is barred by the statute of limitation. The plaintiff paid the tax involved to the State within four years from the date of the filing of the present action. Since the plaintiff had no cause of action for the use tax, which under the law was a part of the purchase price, until it paid the same to the State, the plaintiff's cause of action to recover the

amount of the tax did not arise until the plaintiff paid the tax to the State.

■ The plaintiff is not estopped to collect the amount sued for. As will be shown in Division 3, the law makes it the duty of the defendant, as well as the plaintiff, to pay the tax involved in the sales transactions upon which the use tax was due. Neither party had a right to rely on the opinion of the other as to how the law should be interpreted. Any deviation from the true demands of the law must be made at the risk of the party making the deviation. Misrepresentations of the law or matters of law generally cannot form the basis of a cause of action or defense in the absence of a confidential relationship between the parties. *Williams v. Dougherty County*, 101 Ga. App. 193 (113 SE2d 168) and cases cited; *Fields v. Fire & Cas. Ins. Co. of Conn.*, 101 Ga. App. 561 (114 SE2d 540) and cases cited.

3. The principal problem in this case is the correct interpretation of the provision of the acts of the General Assembly referred to and codified in *Code Ann.* § 92-3404a (8), which reads as follows: " 'Dealer' also means and includes every person who solicits business either by representatives or by the distribution of catalogs or other advertising matter and by reason thereof receives and accepts orders from consumers in the State of Georgia, and such dealer shall collect the tax imposed by this Chapter from the purchaser and no action either in law or in equity on a sale or transaction as provided by the terms of this Chapter maybe had in this State by any such dealer unless it be affirmatively shown that the provisions of this Chapter have been fully complied with."

In construing a statute, the spirit of the enactment should be considered and construction should be made in accordance therewith; and the courts are not controlled by the literal meaning of the language of the statute. The spirit or the intention of the law prevails over the letter. 82 C.J.S. 613, 615, Statutes, § 325. Constructions resulting in unreasonableness and absurd consequences should be avoided. 82 C.J.S. 623, 627, Statutes, § 326. The legislative intent prevails over literal import of words. The general scheme and purpose of legislation is the criterion for the proper construction thereof. *Carroll v. Ragsdale*, 192 Ga.

118 (15 SE2d 210); *Gazan v. Heery,* 183 Ga. 30 (187 SE 371, 106 ALR 498); *Williams v. Bear's Den, Inc.,* 214 Ga. 240 (104 SE2d 230); *Ragland v. Justices of Inferior Court,* 10 Ga. 65; *Singer Mfg. Co. v. Wright,* 97 Ga. 114, 121 (25 SE 249, 35 LRA 497); *Russell v. Arnold,* 25 Ga. 625. In Plowden's Commentary, quoted in *Gazan v. Heery,* supra, at p. 41, it is stated: "It is not the words of the law, but the internal sense of it, that makes the law; and our law consists of two parts, viz., of body and soul; the letter of the law is the body of the law, and the sense and reason of the law are the soul of the law . . . and the law may be resembled to a nut, which has a shell and a kernel within; the letter of the law represents the shell, and the sense of it the kernel; and as you will be no better for the nut if you make use only of the shell, so you will receive no benefit from the law if you rely upon the letter; and as the fruit and profit of the nut lie in the kernel and not in the shell, so the fruit and profit of the law consist in the sense more than in the letter. And it often happens that when you know the letter, you know not the sense, for sometimes the sense is more confined than the letter, and sometimes it is more large and extensive." It is quite clear that the purpose of the Georgia Retailers' and Consumers' Sales and Use Tax Act is to bring about payment of taxes to and receipt of taxes by the State of Georgia. Since the ultimate aim is the payment and collection of the tax, it would seem that the payment of the tax, whenever made, would be regarded as full compliance with the law, whether certain technical details in the reporting of the tax, or any other preliminary requirements were omitted. It would seem that if nonresident dealers are provided with a remedy to collect the tax from purchasers, it would encourage them to pay the tax to the State of Georgia. It seems most unreasonable to say that a mere failure to report the sale will preclude the right to recover the tax when the end, namely payment, sought by the law, has been in fact made. It is also unreasonable to say that no recovery of the tax could be had because the tax was not paid at the time of the sale. It seems clear that the provisions of the act exclude the idea that the tax is always payable at the time of the sale. *Code Ann.* § 92-3415a. If the tax is paid at the time of the sale no question can arise as to whether it can be recovered or not. Even

a dealer who has elected to make his returns on a cash basis of accounting is not required to report all collections of credit sales until the payments on such credit sales have been made during the reporting period. However, a failure to report a collection violates the act. The act in question made the defendant purchaser liable for the tax, both as a dealer and as a consumer. In this case the defendant also made no effort to comply with the act since he made no returns and paid no tax. The interpretation placed on the act by the dissenters relieves the defendant of the obligation not only to pay the tax but even to pay the purchase price. The ironical consequence is that the defendant is relieved of his obligation to pay the tax solely by the fortuitous circumstance that the Revenue Commissioner chose to proceed against the plaintiff for the tax, instead of proceeding against the defendant, which the Commissioner could have done under the provisions of the act. Under the dissenters' construction of the act, the filing of a return a day late or the payment of a tax a day late would have the effect of foreclosing an action by a seller to collect the entire purchase price. Examples of incongruous consequences of a failure to comply with some minor requirement of the law could be multiplied. The General Assembly intended to produce the only result that mattered, to wit, the payment of tax, and when that tax is paid, either belatedly, in good faith or after exhibition of bad faith the essential requirement of the law is met. The kernel of the compliance requirement is to be regarded as completely fulfilled by payment of the tax. Any other interpretation of this act would lead to all kinds of unreasonable and unintended results and untold injustices. The simple intention of the legislature was that if the tax is paid to the State it will amount to full compliance, and the court did not err in finding for the plaintiff in the full amount sued for.

The judgment of the trial court overruling the defendant's demurrer is affirmed. The judgment of the trial court, trying the case without a jury, was correct and the same is affirmed.

*Judgments affirmed. Carlisle, P. J., Bell, Hall, Eberhardt and Custer, JJ., concur. Nichols, P. J., Frankum and Jordan, JJ., dissent.*

NICHOLS, Presiding Judge, dissenting. While the Supreme

Court, after the grant of the writ of certiorari in this case, held that the petition set forth a cause of action and that the plaintiff did not have to negative a possible defense, it did not hold that the construction placed by this court on the language of the General Assembly in the Sales and Use Tax Act (Ga. L. 1951, p. 360; *Code Ann. Ch.* 92-34a), as amended, as to the necessity of the plaintiff to have fully complied with such act before a recovery could be had against the defendant was error. When the case was tried upon stipulated facts it was stipulated that the plaintiff did not collect the tax as required by *Code Ann.* § 92-3405a, nor did it file any return as required by *Code Ann.* § 92-3424a. Accordingly, unless the mere payment of the tax exonerated the plaintiff and is deemed a full compliance with the requirements of the act, the plaintiff did not show a full compliance, and the plaintiff was not entitled to recover.

The majority opinion takes the position that the act does not mean what it plainly says. No interpretation is permitted, or should be indulged in, when a statute is plain and unambiguous. The section of the act dealt with in the third division of the majority opinion plainly states: "No action either in law or equity on a sale or transaction as provided by the terms of this chapter may be had in this State by any such dealer unless it be affirmatively shown that the provisions of the chapter have been fully complied with."

In support of the majority opinion it is contended that an interpretation which permits an action to be brought for the amount of the tax when the plaintiff has failed or refused to comply timely with the terms of the act was the legislative intent. Such contention is untenable. The purpose of the act was not only the collection of the tax but a timely collection of the tax. The obligation to collect the tax is placed on the "dealer" (the plaintiff in the present case), by law and if he fails to collect such tax the responsiblity to pay the tax is still upon him and the State may proceed against him as a taxpayer. *Williams v. Bear's Den, Inc.*, 214 Ga. 240 (104 SE2d 230).

The majority opinion gives the dealer the option of collecting the tax or of selling at three percent less than his competitors with the same margin of profit with the knowledge that should the State force him at some future date to pay the tax he can

proceed against the purchaser within four years after he has been forced to pay the tax and obtain a reimbursement of such money.

Such holding would effectively hinder a timely collection of the tax by the State and not, as contended by the majority, aid in the collection of such tax. What incentive is there to "Timely pay the tax," or otherwise comply with the act, if the dealer knows he may wait until the State forces him to pay the tax and then, after belatedly paying the tax, sue the purchaser and recover all he has paid? None. On the contrary, if the dealer knows he must "timely" collect, report and pay the taxes on his sales or be barred from thereafter suing the purchaser to collect the same such dealer has a real incentive to comply fully with the provisions of the act.

The act, as amended, removes the statute of limitation, in so far as the State is concerned, where a fraudulent or false return or no return is filed by the dealer (see *Code Ann.* § 92-3447a), and should the State proceed against the dealer twenty or more years after it has failed to collect the tax or make any report it could then, twenty-four or more years after the sale, sue the purchaser. The act does not provide for any such procedure but to the contrary provides that the dealer must fully comply with the terms of the act or forfeit its right to proceed against the purchaser.

The majority opinion has the effect of amending the words "fully complied with" in the section precluding action by dealers where full compliance has not been shown to read "tax has been paid." The payment of the tax is not the prerequisite to the action but a full compliance with the act is. The act of 1951 (Ga. L. 1951, pp. 360, 374; *Code Ann.* § 92-3421a), provides that dealers may report on a "cash" or on an "accrual basis", and where a dealer reports on a cash basis the payment of the tax on a credit sale is not required until the purchase price is collected, but a report is required on the cash sales made during such period and on the purchase price collected during such period on credit sales theretofore made. However, if the dealer reports on an accrual basis the payment of the tax together with the report must be made for the period during which the sale was made regardless of when the purchase price and tax are collected.

The judgment of the trial court was unauthorized by the evidence and should be reversed.

I am authorized to say that Judges Frankum and Jordan concur in this dissent.