39875. THOMAS v. BYRD et al.

DECIDED JANUARY 21, 1963.

*James H. Fort, J. Gordon Young,* for plaintiff in error.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs, Swift, Pease, Davidson & Chapman, W. M. Page,* contra.

FELTON, Chief Judge. The sole issue presented by this appeal is whether or not the plaintiff in error's responsive pleadings alleged facts which would raise the issue of whether or not there were legal grounds for rescinding the release.

The plaintiff was under no legal disability because of her minority at the time of her execution of the release. ". . . [A] married person 18 years of age or older may maintain an action and contract to settle claims in his own name." *Code Ann.* § 3-115. Her responsive pleading shows that she was both married and 18 years of age when she signed the release.

No person can claim misrepresentation as to the nature or content of a contract he signs when he could have read it himself but did not, unless some act be shown on the part of the defendant, or any person for him, which legally prevented him from reading or having read to him the contents of such instrument. *Duncan v. Crisp,* 68 Ga. App. 498 (23 SE2d 515); *Swofford v. Glaze,* 207 Ga. 532 (63 SE2d 342); *Lewis v. Foy,* 189 Ga. 596, 598 (6 SE2d 788) and cit. The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. Everyone is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion, and this is especially so where there is no confidential relationship between the parties. *Swofford v. Glaze,* supra; *Williams v. Dougherty County,* 101 Ga. App. 193, 196 (113 SE2d 168) and cit.

In the instant case, the allegations of the plaintiff's responsive pleadings show that the parties were dealing at arm's length and were not in any fiduciary or confidential relationship which would give the plaintiff any legal right to rely on the adjuster's alleged representations, many of which amounted to no more than expressions of his opinion. There was no allegation that the plaintiff could not read, nor even that she did not read the release paper before signing it. Certainly there was no allega-

tion of any act on the part of the defendants or the agent of the defendants' insurer which legally prevented her from reading the release or from obtaining counsel to explain to her the legal import of the paper.

The plaintiff's attempted rescission of the release by tendering $10 to the adjuster was ineffectual because there is no allegation that the full amount of the $30 consideration recited in the release was tendered nor was any excuse for not having done so alleged. "One who, for valuable considerations, including the payment to him of a given sum of money, has released another from all further liability for personal injuries sustained by the releaser, can not, even upon legal grounds, obtain a rescission of such contract of release, and recover upon the original cause of action, without first restoring, or offering to restore, to the releasee what he paid for such release." *Harley v. Riverside Mills,* 129 Ga. 214 (58 SE 711).

Under the authority of the cases cited herein and numerous others, all of the plaintiff's allegations, if proved, would be insufficient to cancel and set aside the release signed by the plaintiff. It follows that the court did not err in its judgments sustaining the demurrer ore tenus, dismissing the plaintiff's pleading and entering judgment for the defendants.

*Judgments affirmed. Eberhardt and Russell, JJ., concur.*