40925. BROWN v. MACK TRUCKS, INC. et al.

DECIDED FEBRUARY 9, 1965.

---

*Bullock, Yancey & Mitchell, Harris Bullock,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Gregg Loomis,* contra.

BELL, Presiding Judge. The plaintiff's petition sounds in tort for fraud and deceit, based upon alleged misrepresentations as to insurance coverage.

A cause of action will lie for breach of contract to procure insurance on behalf of another. See *Home Bldg. &c. Assn. v. Hester,* 213 Ga. 393, 395 (99 SE2d 87) ; *Bell v. Fitz,* 84 Ga. App. 220, 223 (1) (66 SE2d 108); *Farmers & Merchants Bank v. Winfrey,* 89 Ga. App. 122 (78 SE2d 818). And irrespective of contractual duty, an action in tort may be based upon a misrepresentation that insurance coverage has been effected when no policy or binder has been issued. *Seabrook v. Underwriters Agency,* 43 Ga. 583; *Clark v. Kelly,* 217 Ga. 449, 452 (122 SE2d 731). Those cases in which the representations were considered to be representations of *fact,* are distinguishable from this case. Here the alleged representations as to insurance coverage were made after an insurance policy had been issued. The alleged misrepresentations were as to whose interests in the

property were covered by the policy. Thus, in this case the truth of the representations would depend upon the legal effect of the policy provisions. Consequently the alleged misrepresentations were misrepresentations of *law*. Misrepresentations of the mere *fact* of existence or non-existence of a policy in issue in the *Seabrook* and *Clark* cases are not involved here.

In actions for fraud the misrepresentations relied on must relate to *past or existing facts*. *Code* § 105-302; *Rogers v. Sinclair Refining Co.*, 49 Ga. App. 72 (174 SE 207); *Thigpen v. Harbison-Walker &c. Co.*, 55 Ga. App. 397, 405 (190 SE 378); *Monroe v. Goldberg*, 80 Ga. App. 770, 775 (57 SE2d 448). Misrepresentations as to a question of law cannot constitute remediable fraud, as such representations are ordinarily regarded as mere expressions of opinion. *Dixon v. Dixon*, 211 Ga. 557, 563 (2) (87 SE2d 369); *Claxton Bank v. Smith*, 34 Ga. App. 265 (1) (129 SE 142); *Salter v. Brown*, 56 Ga. App. 792 (1) (193 SE 903); *Bernstein v. Peters*, 69 Ga. App. 525, 534 (26 SE2d 192); 23 Am. Jur. 809, Fraud and Deceit, § 45; 37 CJS 323, Fraud, § 55. This is especially true where there is no confidential relationship between the parties. *Swofford v. Glaze*, 207 Ga. 532, 535 (63 SE2d 342); *Beckman v. Atlantic Refining Co.*, 53 Ga. App. 671 (2) (187 SE 158); *Williams v. Dougherty County*, 101 Ga. App. 193, 196 (113 SE2d 168); *Thomas v. Byrd*, 107 Ga. App. 234, 236 (129 SE2d 566). These principles are applicable in cases involving a misrepresentation of the legal effect of an insurance policy. See *Howard v. Georgia Home Ins. Co.*, 102 Ga. 137, 139 (1) (29 SE 143); *National Life &c. Ins. Co. v. Parker*, 67 Ga. App. 1, 7-8 (19 SE2d 409); *Sherwin-Williams Co. v. St. Paul-Mercury Indem. Co.*, 97 Ga. App. 298, 299 (2) (102 SE2d 919); *Fields v. Fire & Cas. Ins. Co. of Conn.*, 101 Ga. App. 561 (114 SE2d 540); *Bryant v. Motors Ins. Corp.*, 109 Ga. App. 47, 52 (3b) (134 SE2d 905).

It does not appear in the petition whether the plaintiff ever had possession of the policy that he alleged protected his interest in his truck. However, this makes no difference, as the plaintiff alleged the existence of the policy and is chargeable with knowledge of its contents regardless of who had possession of it. In this connection see Justice Candler's concurring opin-

ion in *Hart v. Waldo,* 117 Ga. 590, 594-598 (43 SE 998). See also *Security Life Ins. &c. Co. v. Gober,* 50 Ga. 404, 412 (2); *Thomson v. Southern Mutual Ins. Co.,* 90 Ga. 78 (1) (15 SE 652). This is in harmony with the general rule applicable in cases charging fraud where the representation is merely one of opinion: "Misrepresentations are not actionable unless the complaining party was justified in relying thereon in the exercise of common prudence and diligence. And where the representation consists of general commendations or *mere expressions of opinion,* hope, expectation and the like . . . the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth." *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72, 75, supra. Sound business practice would have demanded that the plaintiff investigate for himself and form his own independent conclusions as to the legal effect of the policy provisions, and the petition alleges no reasons why he could not or need not have done so.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*