## 43612. LEWIS v. ALDERMAN.

Deen, Judge. 1. "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." *Code* § 37-707. The mere fact that one reposes trust and confidence in another does not create a confidential relationship. "In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone." *Dover v. Burns*, 186 Ga. 19, 26 (196 SE 785).

2. The vendor and vendee of property are not, by virtue of such fact, placed in a confidential relationship to each other, but on the contrary are presumed to be dealing at arm's length. *Salter v. Brown*, 56 Ga. App. 792 (1) (193 SE 903). The

mere fact that one of the two parties to a contract of sale between them is known to the other to be a real estate broker, when the broker is not acting as the agent for the buyer but is himself the seller of the property, will fail in the same way to show a fiduciary relationship. Cf. *Adamson v. Maddox,* 111 Ga. App. 533 (142 SE2d 313).

3. Where no fiduciary relationship exists, misrepresentations as to a question of law will not constitute remedial fraud, since every one is presumed to know the law "and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion." *Swofford v. Glaze,* 207 Ga. 532, 535 (63 SE2d 342); and see *Hart v. Waldo,* 117 Ga. 590, 595 (43 SE 998); *Dixon v. Dixon,* 211 Ga. 557, 563 (87 SE2d 369); *Drake v. Thyer Mfg. Co.,* 105 Ga. App. 20 (2) (123 SE2d 457); *Clinton v. State Farm &c. Ins. Co.,* 110 Ga. App. 417 (2) (138 SE2d 687); *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164 (141 SE2d 208); *Williams v. Dougherty County,* 101 Ga. App. 193 (113 SE2d 168).

4. The petition alleged that the plaintiff purchaser signed a contract of sale with the defendant Lewis trading as Lewis Construction Company to sell him a lot and construct a house on it, that the defendant represented that because he was a real estate salesman he was familiar with the legal requirements of a contract of sale and that the contract he had drawn was sufficient and adequate, when as a matter of fact it was legally unenforceable, and that plaintiff, relying on the defendant's assertions that he was familiar with the legal requirements for a contract of sale, and that the contract he had drawn was legally sufficient, signed and acted upon it. Defendant later refused to sell on the ground that the contract was legally unenforceable, and the dismissal of a suit by the plaintiff for specific performance proved this contention correct.

If the vendor and purchaser had been in any confidential relationship to each other we would have no hesitancy in declaring these acts a sufficient basis for a tort action based on fraud. If the defendant had been an attorney and there had been an agency relation between the parties the same result could be reached. The defendant, however, was the seller, the head of a construction firm and a real estate salesman. The plaintiff was laboring under no disability. Both parties

are equally chargeable with knowledge of the law relating to the legal requirements of a contract of sale, and the fact that one sells real estate raises no presumption that he is an expert in this field. The petition, accordingly, shows only an erroneous statement of law insufficient in itself to sustain the action.

The trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*

ARGUED MAY 8, 1968—DECIDED JUNE 10, 1968.

*Gerstein & Carter, Stanley K. Slutzky,* for appellant.
*George G. Finch,* for appellee.