## 30998. PUCKETT PAVING COMPANY v. CARRIER LEASING CORPORATION.

JORDAN, Justice.

Carrier brought an action to recover four heavy duty trucks from Puckett. The pleadings and the evidence show that Puckett was in possession of the vehicles under the terms of two certain leases providing for monthly payments in stated sums for 44 months and 35 months respectively; that Puckett had an option to purchase same for a stated price after all monthly payments had been made; that Puckett had made all monthly payments but refused to purchase or return said vehicles. Carrier elected to recover the vehicles rather than damages.

Puckett filed an answer and cross claim alleging that the contracts were induced by fraud in that an agent of Carrier "assured defendant that the lease agreement(s) entered into would be considered a lease by the Internal Revenue Service," but that said IRS considered the same to be a sale and not a lease, resulting in damage to Puckett.

Carrier filed a motion for summary judgment. Based on the pleadings and supporting affidavits by both parties, the trial court found that there was no genuine issue of material fact; that Carrier was entitled to judgment as a matter of law; ordered Puckett to return the vehicles and enjoined Puckett from further use of the property. Puckett appeals from this judgment.

We affirm. Assuming that such statements were made by an agent of Carrier to Puckett, they could only have been the expression of an opinion as to how the IRS had treated such agreements or would treat them in the future. "Where no fiduciary relationship exists, misrepresentations as to a question of law will not constitute remedial fraud, since everyone is presumed to know the law 'and therefore cannot in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion.'" *Lewis v. Alderman,* 117 Ga. App. 855 (3) (162 SE2d 440) (1968), citing *Swofford v. Glaze,* 207 Ga. 532, 535 (63 SE2d 342) (1951) and other cases. See also *Bernstein v. Peters,* 69 Ga. App. 525 (26 SE2d 192) (1943), where a statement by one of the parties to the effect that certain liquor stored in a residence would not be subject to the Federal floor tax was an expression of opinion as to the law and did not constitute actionable fraud.

*Judgment affirmed. All the Justices concur.*

Submitted April 5, 1976 — Decided May 18, 1976.

*Webb, Fowler & Tanner, T. Michael Tennant,* for appellant.

*John C. Crevis,* for appellee.