## 56866. JOHNSON v. CALDWELL et al.

QUILLIAN, Presiding Judge.

Appellant's claim for unemployment compensation was denied. She did not appeal or request reconsideration. Thereafter she applied at another office for unemployment compensation for the same period of time. The state did not assert the prior adjudication in bar of the second claim. Her claim was denied a second time. She appealed to a referee who also denied her claim. Thereafter she appealed to the Board of Review of the Employment Security Agency of the Department of Labor. The Board of Review adopted and affirmed the findings of the referee that "the claimant, on June 10, 1977, quit her employment. The administrative determination [denying her claim for compensation] released June 29, 1977 became final on July 9, 1977 as no appeal was filed."

This is an appeal from the Fulton County Superior Court's affirmance of the decision of the Board of Review. *Held:*

1. Appellant contends the superior court erred in affirming the administrative determination that she "had voluntarily quit her job and was therefore disqualified from receiving unemployment compensation." Appellant stated that a friend kept her children for her at night when she worked. One night she picked up her children after work and her friend's children went home with her. She attempted to return the children the next day but her friend was not at home and she took the children to work with her and left the

children at the "guard house." She phoned her mother to notify her friend where to find the children. Her supervisor instructed the appellant that she could not leave the children in the guard house and she refused appellant's request for "vacation time" to take the children home. Thereafter, the facts are in dispute as to whether appellant quit, or left her job until she could find the children's mother.

Before the Board of Review, appellant testified that she did not quit, "I just said I was leaving till I could get someone to keep my kids." However, in her claim for compensation — which was signed by her, she made the statement: "I voluntary [sic] quit the above employer . . . I quit because I was told to do something and she [her supervisor] wouldn't let me do it." In another statement — also signed by appellant, she stated: "I was caring for a friend's children . . . my supr. demanded that I take the children away . . . so I said 'Well I'll just quit . . . I was not discharged.'"

Code Ann. § 54-619 (Ga. L. 1937, pp. 806, 818; as amended through 1978, pp. 1386, 1395) provides in pertinent part: "In any judicial proceeding under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive . . ." There was ample evidence to support the finding of the Board of Review that the appellant quit her job and we are bound by such findings. *Smith v. Caldwell,* 142 Ga. App. 130, 131 (235 SE2d 547); *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 278 (98 SE2d 899). This enumeration is without merit.

2. It is alleged that the superior court erred in affirming the determination that "Appellant's unemployment compensation appeal was not timely." Appellant's claim for unemployment compensation was denied June 29, 1977. Our statutes provide that such determination "shall be deemed final unless a party . . . applies for reconsideration of the determination or appeals therefrom within 10 days after the notice was mailed to his last known address . . ." Code Ann. § 54-612 (3) (Ga. L. 1937, pp. 806, 814; as amended through 1973, pp. 729, 731). The appellant did not appeal nor did she request reconsideration of the original determination.

She testified that she was told "it would just be a waste of time." Appellant contends — because of this advice from appellee's agent, they are "estopped to raise the timeliness issue or rely upon it . . . ."

Representation or expression of opinion as to a matter of law is not actionable (*Clinton v. State Farm Mut. Auto Ins. Co.,* 110 Ga. App. 417 (2a) (138 SE2d 687)), nor can it form the basis of a defense (*Drake v. Thyer Mfg. Corp.,* 105 Ga. App. 20, 22 (123 SE2d 457)), or constitute remedial fraud (*Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 166 (141 SE2d 208)), in the absence of a fiduciary relationship; as such representations are ordinarily regarded as mere expressions of opinion (*Dixon v. Dixon,* 211 Ga. 557, 563 (87 SE2d 369)), and everyone is presumed to know the law and could not be deceived by an erroneous expression of opinion. (*Lewis v. Alderman,* 117 Ga. App. 855 (3) (162 SE2d 440)). There is no fiduciary relationship between a state employee and a claimant for unemployment compensation.

Thus, even if such statement had been made — which the state does not admit, and appellant cannot remember the name of the person who so advised her, the appellee would not be estopped to refuse to be bound by such assertion as a basis for appellant to fail to follow the law. Cf. *Drake v. Thyer Mfg. Corp.,* 105 Ga. App. 20 (2), supra.

Furthermore, Code Ann. § 89-903 (Code § 89-903) provides in part: "The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." It is an often reiterated principle of law that the state cannot be estopped by acts of its officers, agents and employees, unless such act was conferred by law " 'and the law must not only authorize the act to be done, but must require its performance.' " *McCallum v. Almand,* 213 Ga. 701, 706 (100 SE2d 924); accord, *Drost v. Robinson,* 194 Ga. 703, 711-712 (22 SE2d 475); *Board of Commrs. &c. v. Clay,* 214 Ga. 70, 74 (102 SE2d 575); *Waller v. State Hwy. Dept.,* 218 Ga. 605 (2) (129 SE2d 772). We can find no basis for estoppel to apply in the instant case. See *Richmond County v. Pierce,* 234 Ga. 274, 279 (215 SE2d 665). As the appellant did not request reconsideration or appeal within the statutory period, the

determination of the examiner became final.

Although appellant instituted a second claim for the same period, that claim was also denied for the same reason. We find no merit in this enumerated error.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED NOVEMBER 6, 1978 — DECIDED JANUARY 5, 1979.

*Claudia Tesoro, Robert Connelly,* for appellant.

*Arthur K. Bolton, Attorney General, George P. Shingler, Assistant Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellees.