A95A1161. AVERETT et al. v. TROUP COUNTY.
(464 SE2d 32)

MCMURRAY, Presiding Judge.

Jerry C. Averett and Rebecca Averett filed an action against

Troup County, Georgia, pursuant to OCGA § 48-5-380 (c), seeking a refund of interest and penalties Troup County assessed the Averetts in conjunction with the collection of 1991 ad valorem taxes encumbering 94 parcels of the Averetts' realty. These additional costs were levied against the parcels because the Averetts did not pay their 1991 ad valorem taxes until March 26 and 27, 1992, more than 60 days after Troup County posted tax bills advising the Averetts that the taxes would be due on December 23, 1991, and more than 90 days after the taxes actually came due. The Averetts alleged that Troup County was not authorized in assessing interest and penalties because their tax bills did not each bear a postmark as required by OCGA § 48-5-148 (a) (3). This Code section provides that "each taxpayer shall be afforded 60 days from date of postmark to make full payment of taxes due before the taxes shall bear interest. . . ."

Upon opposing motions for summary judgment, the parties stipulated that Troup County's Tax Commissioner "bulk mailed tax notices and bills to property owners, including the [Averetts], on October 22, 1991[; that all] the tax bills mailed to the [Averetts] stated on their face that they were due and payable in full by December 23, 1991[; that the tax] notices mailed by the office of the Tax Commissioner, Troup County, including the tax bills mailed to the [Averetts], did not contain a postmark on the individual envelopes[, but that] the bulk mailing receipt provided to the Tax Commissioner is dated October 22, 1991." According to the trial court's finding, the Averetts "stipulated they received all tax bills prior to December 23, 1993."

The trial court denied the Averetts' motion for summary judgment and granted summary judgment in favor of Troup County. This appeal followed. *Held*:

The Averetts contend Troup County did not have authority to assess them with interest or impose a ten percent penalty, as authorized by OCGA § 48-2-44 (b) (1) when taxes are more than 90 days past due, because the tax notices they received from Troup County did not each bear a postmark as required by OCGA § 48-5-148 (a) (3). Specifically, the Averetts claim that such postmarks are a condition precedent to the accrual of interest on unpaid taxes, reasoning that "[t]he purpose of the postmark is to provide the taxpayer with notice of not only when the taxes are due, but by when they must be paid to avoid the imposition of interest or penalties." These assertions are without merit.

OCGA § 48-5-148 (a) (3) does not require postmarks on tax bills or notices mailed out by the county, nor are such postmarks a condition precedent to the accrual of interest on past-due ad valorem taxes. Further, OCGA § 48-5-148 (a) (3) neither defines the postmark as a device for computing the due date for ad valorem taxes, nor refers to the postmark as a device for conveying notice to taxpayers of the date

when interest will begin to accrue on past-due taxes.[1] OCGA § 48-5-148 (a) (3) merely refers to the "date of postmark" as a computational marker for measuring when the county is authorized in charging interest after the statutory due date, which (except as otherwise provided by law) is December 20. OCGA § 48-5-148 (a) (1). Consequently, since the Averetts neither dispute that the 94 tax bills in question were posted on October 22, 1991, nor otherwise contend that Troup County improperly computed interest, the trial court did not err in affirming Troup County's assessment of interest against the Averetts' past-due taxes. Moreover, since the Averetts do not otherwise challenge the trial court's finding that they wilfully failed to pay their ad valorem taxes within 90 days after the taxes came due, the trial court did not err in affirming the ten percent penalty Troup County assessed against the Averetts pursuant to OCGA § 48-2-44. In fact, we would be strained to affirm any finding to the contrary in light of the trial court's finding that the Averetts stipulated "they received all tax bills prior to December 23, 1993."

The trial court did not err in denying the Averetts' motion for summary judgment and granting summary judgment in favor of Troup County.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 15, 1995.

*Wood, Odom & Edge, Arthur B. Edge IV*, for appellants.
*Willis, McKenzie & Long, Mark L. DeGennaro*, for appellee.

---

[1] Indeed, taxpayers are presumed to know that, "[e]xcept as otherwise expressly provided for by law, ad valorem taxes due the state or any county remaining unpaid on December 20 in each year shall bear interest at the rate specified in OCGA § 48-2-40[, i.e., one percent per month,] from December 20. . . ." OCGA § 48-5-148 (a) (1). See *Puckett Paving Co. v. Carrier Leasing Corp.*, 236 Ga. 891, 892 (225 SE2d 910). And it appears that accrual of interest from this due date will only be suspended when the county fails to post tax notices 60 days before December 20, assuming that a period of less than 60 days has not been provided for by law. OCGA § 48-5-148 (a) (3). See Unofficial Opinions of the Georgia Attorney General, Michael J. Bowers, 1982, p. 253, U82-19 at p. 254. Of course, any loss of interest resulting from such belated mailings may constitute evidence reflecting on the county collector's liability under OCGA § 48-5-152.