McFADDEN, Judge,
concurring specially.
I concur in the judgment and in all of its analysis — except the text supported by footnotes 10 and 11. That text, which I take to be incidental to the majority’s analysis, undertakes to explain “what we mean when we speak of discerning ‘the intent of the legislature.’ ”
“In all interpretations of statutes,” we are charged to “look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy.” OCGA § 1-3-1 (a). The majority does not cite OCGA § 1-3-1 (a), but as I understand the text supported by those footnotes, it purports to authoritatively construe and confine the principle set out in that statute.
But that principle was in our first official Code, was part of our law long before that, and can be traced back to Blackstone’s Commentaries on the Laws of England. See Everett v. Planters’ Bank, 61 Ga. 38, 41 (1878); Forman v. Troup, 30 Ga. 496, 498 (1860); Booth v. Williams, 2 Ga. 252, 254 (1847); see also Persons v. Hight, 4 Ga. 474, 501 (1848) (Warner, J., dissenting).
No doubt much of what has been written over the centuries in the hundreds of Georgia appellate decisions citing that principle can fairly be reconciled with what the majority writes today. But I am not prepared to declare that all of it can. Nor am I prepared to broadly disapprove of any and all of those opinions that cannot be so reconciled — especially as many of them are opinions of our Supreme Court.